UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE WESTERN AND SOUTHERN LIFE
INSURANCE COMPANY; WESTERN-
SOUTHERN LIFE ASSURANCE
COMPANY; COLUMBUS LIFE
INSURANCE COMPANY; INTEGRITY
LIFE INSURANCE COMPANY; NATIONAL
INTEGRITY LIFE INSURANCE
COMPANY; and FORT WASHINGTON
INVESTMENT ADVISORS, INC. ON
BEHALF OF FORT WASHINGTON
ACTIVE FIXED INCOME LLC,

                Plaintiffs,

      - against -

MORGAN STANLEY MORTGAGE
CAPITAL INC.; MORGAN STANLEY
CAPITAL I INC.; MORGAN STANLEY &
CO. INCORPORATED; INDYMAC MBS,
INC.; and MERRILL LYNCH, PIERCE,
FENNER & SMITH INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. [_____]

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1452(a), the undersigned defendants (collectively, the "Removing Defendants") hereby remove the above-captioned action (the "Action") from the Court of Common Pleas of Hamilton County, Ohio to the United States District Court for the Southern District of Ohio.[1] This

---

[1] The Removing Defendants do not waive and expressly preserve all rights, claims, and defenses, including without limitation all defenses relating to jurisdiction, venue, and arbitrability. The Removing Defendants do not waive any defenses they may have to personal jurisdiction through the filing of or consent to this Notice of Removal.

Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b). As grounds for removal, the Removing Defendants state as follows:

1. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b) because the Action is "related to" pending Title 11 bankruptcy proceedings, and the Action is therefore removable pursuant to 28 U.S.C. § 1452(a).

## PROCEDURAL HISTORY AND BACKGROUND

2. On or about July 18, 2011, plaintiffs The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, National Integrity Life Insurance Company, and Fort Washington Investment Advisors, Inc. on behalf of Fort Washington Active Fixed Income LLC filed a complaint (the "complaint") in the Court of Common Pleas of Hamilton Country, Ohio captioned Western and Southern Life Insurance Company, et al. v. Morgan Stanley Mortgage Capital Inc., et al., No. A1105563.

3. On or about July 25, 2011, plaintiffs served the complaint on Removing Defendant Morgan Stanley Mortgage Capital Inc. On July 26, 2011, Plaintiffs served the complaint on Removing Defendant Morgan Stanley & Co. Incorporated.[2]

4. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, and orders served upon the Removing Defendants are attached hereto as Exhibit A.

---

[2] Removing Defendant Morgan Stanley Capital I Inc. has not been served with the complaint in this action. Morgan Stanley Capital I Inc. does not waive any defenses by joining this notice, and expressly reserves all rights, claims, and defenses, including, without limitation, all defenses relating to jurisdiction, venue, and arbitrability.

5. In the complaint, plaintiffs allege that they purchased residential mortgage-backed securities ("RMBS") that were issued or underwritten in seven separate securitizations by the five named defendants. Plaintiffs allege that the offering documents relating to the securitizations at issue in this Action contained untrue statements and omissions of material facts concerning the loans underlying each RMBS offering. Plaintiffs purport to bring claims against the Removing Defendants under the Ohio Securities Act, the Securities Act of 1933, and common law.

6. The Removing Defendants' time to respond to the summons and Complaint by answer, demurrer, or motion has not expired and no defendant has served or filed an answer or motion or otherwise appeared in response to the Complaint.

7. Because the Removing Defendants filed this Notice of Removal within thirty days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

8. The Action may be removed under 28 U.S.C. § 1452(a) because it is a civil proceeding "related to" a case under the federal Bankruptcy Code, and this Court therefore has original jurisdiction over this Action under 28 U.S.C. § 1334(b).[3]

---

[3] This Court also has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because the complaint asserts claims pursuant to the Securities Act of 1933 (the "'33 Act"), 15 U.S.C. § 77a *et seq.*, which arise under the laws of the United States. Although the Removing Defendants are not removing this Action at this time based on federal question jurisdiction over the '33 Act claims and maintain that such claims are barred in their entirety by the applicable statute of limitations and repose, 15 U.S.C. § 77m, this Court has jurisdiction to resolve the issue of whether these claims are timely.

9. The allegations against the Removing Defendants arise in part from RMBS containing mortgages originated by now-bankrupt entities. (Compl. ¶¶ 44, 63.) Specifically, plaintiffs allege that they purchased the following mortgage-backed securities backed in part by loans originated by American Home Mortgage ("AHM"): MSM 2006-11 1A4, MSM 2006-17XS A3A, and MSM 2006-17XS A5W (the "AHM-Backed Certificates"). Plaintiffs allege that the offering documents for the AHM-Backed Certificates contained untrue and misleading statements about the underlying mortgages and the underwriting practices of the mortgage originators. Attached hereto as Exhibits B and C are true and correct copies of excerpts from the prospectus supplements for MSM 2006-11 and MSM 2006-17XS, which list AHM as an originator of mortgage loans backing those securities.

10. AHM is currently in bankruptcy. On August 6, 2007, AHM filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, <u>In re American Home Mortgage Holdings, Inc.</u>, Case No. 07-11047, *et seq.* (the "AHM Bankruptcy"). The AHM Bankruptcy has not been terminated, and proceedings relating to the AHM Bankruptcy remain pending before the United States Bankruptcy Judge Christopher Sontchi.

11. AHM made numerous representations to Morgan Stanley Mortgage Capital Holdings LLC ("MSMCH"), the successor-in-interest by merger to defendant Morgan Stanley Mortgage Capital Inc. ("MSMC"), Morgan Stanley & Co. Incorporated, and Morgan Stanley Capital I Inc. ("MSCI") (collectively, the "Morgan Stanley Defendants") regarding its loan-underwriting standards and the characteristics of

4

the mortgage-loan collateral for the AHM-Backed Certificates – the very subjects of plaintiffs' allegations. (Compl. ¶¶ 49-51, 108-14.)

12. Pursuant to agreements containing indemnification provisions for the benefit of the Morgan Stanley Defendants, AHM owes the Morgan Stanley Defendants indemnification and/or contribution for any claims arising out of actual or alleged material misstatements or omissions by AHM regarding its underwriting practices and the mortgage loans at issue. These agreements further require AHM to indemnify one or more of the Morgan Stanley Defendants for the costs (including legal fees) of defending such claims, regardless of their outcome. Attached hereto as Exhibits D, E, F, G and H are true and correct copies of excerpts from the relevant agreements between MSMCH, MSCI, and AHM containing indemnification provisions.

13. MSMCH has asserted and reserved its right to indemnification and contribution from AHM in the AHM Bankruptcy. On January 11, 2008, MSMCH filed a proof of claim (the "Proof of Claim") in the AHM Bankruptcy against the AHM debtors. Attached hereto as Exhibit I is a true and correct copy of the Proof of Claim (excluding the schedules thereto).

14. A civil proceeding is "related to" a bankruptcy if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 583 (6th Cir. 1990) (emphasis and citation omitted). This Action is related to the AHM Bankruptcy because AHM owes MSMCH an indemnity obligation, which, as a result of any costs or expenses incurred by the Morgan Stanley Defendants to defend this Action and any judgment against the Morgan Stanley Defendants, could affect the property of debtor AHM. Even

5

if the more stringent "close nexus" test were to apply, this case would still be related to the AHM bankruptcy. See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., No. 10-CV-07275, slip op. at 7-10 (C.D. Cal. Dec. 29, 2010).

15. An indemnity obligation that affects the property of debtors gives rise to "related to" jurisdiction under 28 U.S.C. § 1334(b). The Removing Defendants may therefore remove this Action to this Court pursuant to 28 U.S.C. § 1452(a). See In re Dow Corning Corp., 86 F.3d 482, 494 (6th Cir. 1994) (claims for indemnification and contribution against a debtor create "related to" bankruptcy jurisdiction).

## OTHER PROCEDURAL REQUIREMENTS

16. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). See Exhibit J attached. Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the Removing Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

17. Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notification of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Hamilton County, Ohio in accordance with 28 U.S.C. § 1446(d) and Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

18. As required under Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, the Removing Defendants state that the claims asserted against them are non-core, within the meaning of 28 U.S.C. § 157(b), and that they do not consent to entry of final orders or judgment by the bankruptcy judge.

WHEREFORE, the Removing Defendants remove this Action from the Court of Common Pleas of Hamilton County, Ohio to this Court.

Dated: August 22, 2011

Respectfully submitted,

*/s/ Christopher D. Cathey*
Christopher D. Cathey (0071231)
Trial Attorney
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409
(513) 698-5026 direct dial
(513) 698-5027 direct facsimile
ccathey@ulmer.com

Michael N. Ungar
Ulmer & Berne LLP
1660 West Second Street, Suite 1100
Cleveland, OH 44113-1448
(216-583-7002) direct dial
mungar@ulmer.com

*Counsel for Morgan Stanley Mortgage Capital Inc., Morgan Stanley Capital I Inc., and Morgan Stanley & Co. Incorporated*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Notice of Removal was served via ordinary U.S. Mail this 22nd day of August, 2011, upon the following:

Glenn V. Whitaker, Esq.
Eric W. Richardson, Esq.
Adam C. Sherman, Esq.
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street
Suite 2000, Atrium Two
Cincinnati, Ohio 45202

David H. Wollmuth, Esq.
Wollmuth, Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110

Charles J. Faruki, Esq.
Faruki, Ireland & Cox P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, Ohio 45202

/s/ Christopher D. Cathey

794037v1
19466.00471