# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| THE WESTERN & SOUTHERN LIFE INSURANCE COMPANY; WESTERN-SOUTHERN LIFE ASSURANCE COMPANY; COLUMBUS LIFE INSURANCE COMPANY; INTEGRITY LIFE INSURANCE COMPANY; NATIONAL INTEGRITY LIFE INSURANCE COMPANY; and FORT WASHINGTON INVESTMENT ADVISORS, INC. ON BEHALF OF FORT WASHINGTON ACTIVE FIXED INCOME LLC, | Case No. 1:11-cv-00576<br>Judge S. Arthur Spiegel |

Plaintiffs,

- against -

MORGAN STANLEY MORTGAGE
CAPITAL INC.; MORGAN STANLEY
CAPITAL I INC.; MORGAN STANLEY &
CO. INCORPORATED; INDYMAC MBS,
INC.; and MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MORGAN STANLEY DEFENDANTS' MOTION TO TRANSFER THE ACTION TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a)**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 2

I.   The Southern District of New York Is a Proper Transferee Forum ........................ 2

II.  The Convenience of the Parties and Witnesses Weighs in Favor of Transfer ........ 3

III. Transferring This Action to the Southern District of New York Would Be in
     the Interests of Justice ........................................................................................... 6

     A.   Judicial Economy Is Best Served by Transfer ............................................ 6

     B.   Plaintiffs' Choice of Forum Should Be Accorded Minimal Deference ...... 8

     C.   New York Has a Greater Interest Than Ohio in This Litigation ................. 9

IV.  The Court May Rule on Defendants' Motion to Transfer Without Determining
     Its Jurisdiction ..................................................................................................... 10

REQUEST FOR ORAL ARGUMENT .......................................................................... 11

CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

PAGE

**Cases**

800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128 (S.D.N.Y. 1974) ...................................................................................................................... 8

Bacik v. Peek, 888 F. Supp. 1405 (N.D. Ohio 1993).......................................................... 4

Bose v. Sunshine Elecs. of New York, Inc., No. 3:05-CV-252-L, 2006 U.S. Dist. LEXIS 18669 (N.D. Tex. Apr. 12, 2006) ................................................................. 9-10

City of Columbus v. Hotels.com, L.P., No. 06-cv-677, 2007 U.S. Dist. LEXIS 49775 (S.D. Ohio July 10, 2007) ..................................................................................... 6

Donia v. Sears Holding Corp., No. 07-CV-2627, 2008 U.S. Dist. LEXIS 43532 (N.D. Ohio May 30, 2008)........................................................................................ 8, 9

DRFP, LLC v. The Republica Bolivariana de Venezuela, No. 04-cv-0793, 2007 U.S. Dist. LEXIS 51267 (S.D. Ohio July 16, 2007).................................................... 10

Edmison v. Vision Inv. & Dev., LLC, No. 06-CV-1108, 2006 U.S. Dist. LEXIS 93083 (N.D. Ohio Dec. 26, 2006)................................................................................. 5

Ferens v. John Deere Co., 494 U.S. 516 (1990) ................................................................. 6

Illius v. Greyhound Bus Lines, Inc., No. 1:95 CV 1140, 1995 U.S. Dist. LEXIS 21980 (N.D. Ohio Sept. 15, 1995)............................................................................ 3, 5

In re Connetics Sec. Litig., No. 06 Civ. 11496, 2007 U.S. Dist. LEXIS 38480 (S.D.N.Y. May 23, 2007)............................................................................................ 3-4

In re IndyMac Mortg.-Backed Sec. Litig., 718 F. Supp. 2d 495 (S.D.N.Y. 2010)............. 4

In re Morgan Stanley Mortg. Pass-Through Certificates Litig., 09 Civ. 2137, 2010 U.S. Dist. LEXIS 84146 (S.D.N.Y. Aug. 17, 2010)..................................................... 7

In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397 (S.D.N.Y. 1998)............................. 4

Inter-Nat'l Found. Corp. v. Disney 1999 Ltd. P'ship, No. 09-cv-983, 2010 U.S. Dist. LEXIS 138283 (S.D. Ohio Apr. 9, 2010)......................................................... 2, 5

Jamhour v. Scottsdale Ins. Co., 211 F. Supp. 2d 941 (S.D. Ohio 2002)........................ 4, 9

Kay v. Nat'l City Mortg. Co., 494 F. Supp. 2d 845 (S.D. Ohio 2004)........................... 2, 5

ii

Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531 (6th Cir. 2002) ........................................ 9

Mead Corp. v. Boldt Constr. Co., 508 F.Supp. 193 (S.D. Ohio 1981) ............................... 8

Moses v. Bus. Card Express, Inc., 929 F.2d 1131 (6th Cir. 1991) ..................................... 2

Neff Athletic Lettering Co. v. Walters, 524 F.Supp. 268 (S.D.Ohio 1981) ...................... 9

Silver Knight Sales & Mktg., Ltd. v. Globex Int'l, Inc., No. 06-cv-123, 2006 U.S.
    Dist. LEXIS 80909 (S.D. Ohio Nov. 6, 2006). ............................................................... 7

Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422 (2007) ................. 10, 11

Skee-Ball, Inc. v. Lazer-Tron, Inc., No. 96-CV-94, 1996 U.S. Dist. LEXIS 17588
    (W.D. Mich. Oct. 18, 1996) ........................................................................................... 6

Sky Tech. Partners., LLC v. Midwest Research Inst., 125 F. Supp. 2d 286 (S.D.
    Ohio 2000) ...................................................................................................................... 9

United States v. Kunkle, No. 05-cv-561, 2006 U.S. Dist. LEXIS 8654 (W.D.
    Mich. Feb. 22, 2006) ...................................................................................................... 6

Union Cent. Life Ins. Co. v. Andraos Capital Mgmt. & Ins. Servs., Inc., No. 09-
    758-HJW-JGW, 2010 U.S. Dist. LEXIS 129524 (S.D. Ohio June 16, 2010) ............ 10

Wilcox v. Alt. Entm't, Inc., No. 09-cv-659, 2010 U.S. Dist LEXIS 17533 (W.D.
    Wis. Feb. 26, 2010) ......................................................................................................... 5

Zimmer Enters., Inc. v. Atlandia Imports, Inc., 478 F. Supp. 2d 983 (S.D. Ohio
    2007) ......................................................................................................................... 4-5, 6

**Statutes and Rules**

15 U.S.C. § 77v ...................................................................................................................... 3

15 U.S.C. § 78aa .................................................................................................................... 2

28 U.S.C. § 1334(b) ............................................................................................................... 2

28 U.S.C. § 1404(a) ....................................................................................................... passim

Fed. R. Civ. P. 45(b) .............................................................................................................. 5

Local Civil Rule 7.1(b)(2) ..................................................................................................... 11

Defendants Morgan Stanley & Co. Incorporated, Morgan Stanley Mortgage Capital Inc., and Morgan Stanley Capital I Inc. (collectively, "Morgan Stanley") respectfully submit this Motion to Transfer the Action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

This action should be transferred to the Southern District of New York, where a putative class action involving many of the same claims, securities, and parties has been pending since 2009. In this action, plaintiffs assert claims based on allegedly false statements and omissions in the offering documents for certain residential mortgage-backed securities ("RMBS") issued or underwritten by Morgan Stanley. Substantively identical claims – including the same federal securities claims concerning some of the very same certificates at issue in this litigation – are already pending against Morgan Stanley in the Southern District of New York in In re Morgan Stanley Mortgage Pass-Through Certificates Litigation, 09 Civ. 2137, ("Pass-Through"). The Pass-Through case, in which half the plaintiffs in this action are putative class members, involves precisely the same questions as those at issue here, and will require resolution of the same threshold matters, such as whether the claims at issue are timely and whether the relevant statute-of-limitations period may be tolled. Indeed, plaintiffs in this action assert that their federal claims are timely only because the Pass-Through case tolled the running of the limitations period. Accordingly – and because the factors courts consider under 28 U.S.C. § 1404(a) overwhelmingly support transfer – this action should be transferred to the Southern District of New York.

**ARGUMENT**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The determination of whether an action should be transferred pursuant to § 1404(a) involves a two-step inquiry. See Inter-Nat'l Found. Corp. v. Disney 1999 Ltd. P'ship, No. 09-cv-983, 2010 U.S. Dist. LEXIS 138283, at *5, 7-8 (S.D. Ohio Apr. 9, 2010); accord Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). First, a court must find that the district to which the action would be transferred is one where the action "might have been brought." Inter-Nat'l Found. Corp., 2010 U.S. Dist. LEXIS 138283, at *7-8 (quoting 28 U.S.C. § 1404(a)); Kay v. Nat'l City Mortg. Co., 494 F. Supp. 2d 845, 849 (S.D. Ohio 2004). Second, assuming the transferee forum is appropriate, the court must engage in an individualized analysis of the three statutory factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Inter-Nat'l Found. Corp., 2010 U.S. Dist. LEXIS 138283, at *5 (citing Moses, 929 F.2d at 1137). As set forth below, this analysis establishes that the Southern District of New York is the appropriate forum. Further, under applicable law this Court need not make any findings related to jurisdiction or removal before transferring the case.

## I.    The Southern District of New York Is a Proper Transferee Forum

There is no question that this action "might have been brought" in the Southern District of New York. Federal courts have jurisdiction over suits brought under the Securities Act of 1933 ("Securities Act") and suits related to bankruptcy proceedings. See 15 U.S.C. § 78aa; 28 U.S.C. § 1334(b). Further, plaintiffs' claims arise in part from

2

their transaction of business with defendants in the Southern District of New York –

where four of the five defendants have their principal places of business, and where all

five defendants regularly transact business – including the offer and sale of certain

RMBS certificates that are the subject of this action. See 15 U.S.C. § 77v (venue is

proper "in the district where the offer or sale took place"); (Compl. ¶¶ 19-21, 23).

Plaintiff National Integrity Life Insurance Company, which made twenty-four percent of

the purchases on which plaintiffs are suing Morgan Stanley (the second most of any

plaintiff), additionally has its principal place of business in the Southern District of New

York.[1] (See Compl. ¶¶ 17, 42.)  Therefore, the Southern District of New York is a proper

transferee forum for this action.

## II.     The Convenience of the Parties and Witnesses Weighs in Favor of Transfer

In securities cases such as this action, where defendants' conduct and alleged

misstatements and omissions take center stage, the location and convenience of the

defendants assumes heightened importance.  See Illius v. Greyhound Bus Lines, Inc., No.

1:95 CV 1140, 1995 U.S. Dist. LEXIS 21980, at *6-7, 13 (N.D. Ohio Sept. 15, 1995)

(transferring a securities action to the district containing the defendant's principal place

of business, despite plaintiffs' residence in Ohio, because the defendant's "corporate

headquarters, its key personnel, all of its relevant documents and records, and the

employees likely to be called as witnesses" were present in the transferee forum); In re

Connetics Sec. Litig., No. 06 Civ. 11496, 2007 U.S. Dist. LEXIS 38480, at *14

---

[1] National Integrity made 12 of the 50 purchases (with a combined face value of
$37 million) on which plaintiffs have sued Morgan Stanley.  Moreover, with respect to
the securitizations that overlap with Pass-Through, National Integrity made more
purchases (with a greater face value) than any other plaintiff.

3

(S.D.N.Y. May 23, 2007) (transferring securities action to district where the "vast majority" of the corporate and individual defendants resided). Here, all three Morgan Stanley defendants (as well as defendant Merrill Lynch) have their principal places of business in the Southern District of New York, and all five defendants regularly transact business there.[2] Many of the principal documents relating to the structuring and securitization of the Morgan Stanley RMBS at issue reside in New York, and none are located in Ohio. Moreover, because two of the securitizations at issue in this case are also at issue in Pass-Through, to the extent either case survives the pleading stage, the same discovery that plaintiffs will seek here already will have been produced in New York. As such, transfer to the Southern District of New York would save the parties significant time and expense.

The second factor in the section 1404(a) analysis, "the convenience of the witnesses," similarly favors transfer to the Southern District of New York. The concentration of a majority of potential witnesses in a single district supports transfer to that district. See Jamhour v. Scottsdale Ins. Co., 211 F. Supp. 2d 941, 948 (S.D. Ohio 2002); In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 401 (S.D.N.Y. 1998). The convenience of one or more key witnesses, further, "'may outweigh a great number of less important witnesses.'" Zimmer Enters., Inc. v. Atlandia Imports, Inc., 478 F. Supp. 2d 983, 992 (S.D. Ohio 2007) (quoting Bacik v. Peek, 888 F. Supp. 1405, 1415 (N.D. Ohio 1993)).

---

[2] Notably, defendant IndyMac MBS is currently subject to litigation in the Southern District of New York for similar claims. See In re IndyMac Mortg.-Backed Sec. Litig., 718 F. Supp. 2d 495 (S.D.N.Y. 2010). Indeed, in In re IndyMac, the court dismissed claims concerning the very same IndyMac securitizations that are at issue in this case. See id.

Here, many of the current and former Morgan Stanley employees with knowledge of the matters alleged in the complaint are located in New York. None are in Ohio. Accordingly, transfer to the Southern District of New York both would involve a significantly lower "cost of obtaining willing witnesses" and would secure "the availability of compulsory process for unwilling witnesses." Kay, 494 F. Supp. 2d at 852. The fact that most witness would be in New York, additionally, means that the parties would bear substantially greater transportation and lodging costs if this action were litigated in Ohio – which strongly favors transfer. See Edmison v. Vision Inv. & Dev., LLC, No. 06-CV-1108, 2006 U.S. Dist. LEXIS 93083, *16 (N.D. Ohio Dec. 26, 2006); Illius, 1995 U.S. Dist. LEXIS 21980, at *10-11.

Further, because the complaint identifies several key third parties with principal places of business in the Southern District of New York whose employees will be vital witnesses – including American Home Mortgage Corp., MBIA Insurance Corp., Moody's Investors Service, and Standard & Poor's – and because a non-party cannot be compelled to appear if his residence is greater than one hundred miles from the location of the appearance, transfer to the Southern District of New York is particularly important here. See Fed. R. Civ. P. 45(b); see also Inter-Nat'l Found. Corp., 2010 U.S. Dist. LEXIS 138283 at *14 (fact that Ohio court could not compel attendance of Missouri witnesses weighed in favor of transfer to Missouri). Indeed, none of the above-mentioned third parties with principal places of business in New York have any interest in this litigation, and any of them may refuse to testify. (Compl. ¶¶ 100-103, 109, 161-165.) By contrast, the only potential witnesses located in Ohio are plaintiffs' own employees, who will likely voluntarily appear at trial. See Zimmer Enters., 478 F. Supp. 2d at 992 (a party "is

5

in the position to require the testimony of its employees"); <u>Wilcox v. Alt. Entm't, Inc.</u>,

No. 09-cv-659, 2010 U.S. Dist LEXIS 17533, *7 (W.D. Wis. Feb. 26, 2010) (same).  In

any event, the convenience of plaintiffs' own employees "will <u>not</u> generally be given the

same consideration as is given to other witnesses." <u>Zimmer Enters.</u>, 478 F. Supp. 2d at

991 (emphasis added).  These facts strongly favor transfer.

III.    **Transferring This Action to the Southern District of New York Would Be in the Interests of Justice**

      A.    <u>Judicial Economy Is Best Served by Transfer</u>

"The existence of ongoing litigation in the intended transferee district is a

powerful reason to grant a motion to transfer . . . ." <u>City of Columbus v. Hotels.com,</u>

<u>L.P.</u>, No. 06-cv-677, 2007 U.S. Dist. LEXIS 49775, at *14 (S.D. Ohio July 10, 2007)

(citations and internal quotation marks omitted).  Here, the interests of justice strongly

favor transfer to the Southern District of New York, because in adjudicating <u>Pass-</u>

<u>Through</u>, that court will have to rule on many of the same issues and claims, involving

many of the same parties that are involved in this action.

In examining the interests of justice, a principal consideration is "the ability to

avoid a multiplicity of litigation arising from a single transaction." <u>United States v.</u>

<u>Kunkle</u>, No. 05-cv-561, 2006 U.S. Dist. LEXIS 8654, at *8 (W.D. Mich. Feb. 22, 2006).

The "interests of justice" analysis thus looks to prevent "'a situation in which two cases

involving precisely the same issues are simultaneously pending in different District

Courts,'" as permitting the parallel cases to proceed would lead "'to the wastefulness of

time, energy, and money that § 1404(a) was designed to prevent.'" <u>Skee-Ball, Inc. v.</u>

<u>Lazer-Tron, Inc.</u>, No. 96-CV-94, 1996 U.S. Dist. LEXIS 17588, at *7 (W.D. Mich. Oct.

18, 1996) (quoting <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 531 (1990)).  The pendency

of a related action "in the proposed transferee district" can even "override plaintiff's choice of forum because transfer of the second action will promote judicial economy and avoid the possibility of inconsistent results." Silver Knight Sales & Mktg., Ltd. v. Globex Int'l, Inc., No. 06-cv-123, 2006 U.S. Dist. LEXIS 80909, at *12 (S.D. Ohio Nov. 6, 2006).

By any measure, the Pass-Through case pending in the Southern District of New York is closely related to this action.  The plaintiffs in Pass-Through have asserted identical federal Securities Act claims against the exact same Morgan Stanley defendants[3] involving two of the RMBS offerings at issue in the action before this Court.[4] Claims relating to two other RMBS offerings at issue in this case[5] were also asserted in Pass-Through, before Judge Swain dismissed them for lack of standing. See Pass-Through, 2010 U.S. Dist. LEXIS 84146, at *31-32 (S.D.N.Y. Aug. 17, 2010).  Indeed, because Pass-Through is a purported class action, the three plaintiffs in this case who purchased in the overlapping RMBS offerings in Pass-Through are putative class members in that case.  Like the plaintiffs in this case, the Pass-Through plaintiffs have alleged that Morgan Stanley violated Sections 11, 12(a)(2), and 15 of the Securities Act by making false and misleading statements or material omissions in the offering

---

[3] Morgan Stanley & Co. Incorporated, Morgan Stanley Capital I Inc, and Morgan Stanley Mortgage Capital Holdings LLC (successor in interest to Morgan Stanley Mortgage Capital Inc.) were all named as defendants in Pass-Through.  All three of these Morgan Stanley parties are also defendants in this action.

[4] Morgan Stanley Mortgage Loan Trust 2006-11 and Mortgage Stanley Mortgage Loan Trust 2006-12XS.

[5] Morgan Stanley Mortgage Loan Trust 2006-17XS and Mortgage Stanley Mortgage Loan Trust 2007-3XS.

documents.  Moreover, in ruling on Morgan Stanley's pending motion to dismiss in <u>Pass-Through</u>, Judge Swain will have to adjudicate whether these Securities Act claims are timely – one of the same issues presented in this case.  In fact, Judge Swain's ruling in <u>Pass-Through</u> may well be dispositive of plaintiffs' claims in this action, because plaintiffs assert that their federal claims are timely <u>only</u> because <u>Pass-Through</u> supposedly tolled the running of the one-year statute of limitations applicable to those claims.  (Compl. ¶¶ 224, 234.)

In light of the claims in <u>Pass-Through</u>, transferring this case to the Southern District of New York would advance the interests of justice by conserving scarce judicial resources.[6]

B.    <u>Plaintiffs' Choice of Forum Should Be Accorded Minimal Deference</u>

Although plaintiffs brought suit in Ohio, a plaintiff's choice of forum is accorded "minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff."  <u>Mead Corp. v. Boldt Constr. Co.</u>, 508 F.Supp. 193, 198 (S.D. Ohio 1981) (citations omitted); <u>see also</u> <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.</u>, 860 F. Supp. 128, 133 (S.D.N.Y. 1974).  As discussed above, the allegations in the complaint

---

[6] While this action contains claims arising from the Ohio Securities Act that are not present in the <u>Pass-Through</u> litigation, courts in the Sixth Circuit routinely transfer actions in the interests of justice to districts with related litigation, regardless of whether the actual claims cited are mirror-images of each other.  For example, in <u>Donia v. Sears Holding Corp.</u>, the court granted a defendant's motion to transfer a case to a district in which a "substantially identical" case was already pending.  No. 07-CV-2627, 2008 U.S. Dist. LEXIS 43532, at *6 (N.D. Ohio May 30, 2008).  That court held that the interests of justice and judicial economy favored transfer "because discovery and legal issues [would then] be litigated by the same court."  <u>Id.</u> at *9.  The court also noted that transfer would "prevent unnecessary duplication of effort and [would avoid] inconsistent results in light of the nearly identical nature of" the case to a case in the transferee forum.  <u>Id.</u> at *15.

largely relate to conduct that occurred primarily in New York. (See supra Part II; Compl. ¶¶ 19-21, 23.) Accordingly, plaintiffs' choice of forum should be given little weight.

Significantly, a plaintiffs' choice of forum is even less important where, as here, an action has been removed to federal court, because "the plaintiff is no longer in his or her chosen forum." Jamhour, 211 F. Supp. 2d at 947 (citing Sky Tech. Partners., LLC v. Midwest Research Inst., 125 F. Supp. 2d 286, 292 (S.D. Ohio 2000)); see also Neff Athletic Lettering Co. v. Walters, 524 F. Supp. 268, 273 (S.D. Ohio 1981). Because this action has been removed, plaintiffs' choice of forum is entitled to even less deference.

      C.    New York Has a Greater Interest Than Ohio in This Litigation

In weighing the public-interest factors bearing on transfer, a district court looks to "the relative burdens of the courts and local interest in the dispute." Donia, 2008 U.S. Dist. LEXIS 43532, at *6 (citing Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531, 537 (6th Cir. 2002)).

New York has a greater local interest in adjudicating this dispute than Ohio, as a majority of the entities identified in the complaint have substantial connections to New York. Indeed, nearly every defendant has its principal place of business in New York (Compl. ¶¶ 19-21, 23), as do the non-party credit rating agencies, mortgage loan originators, and monoline insurance companies that plaintiffs identify (Compl. ¶¶ 100-103, 109, 161-165). Likewise, all seven of the issuing trusts for the certificates at issue were organized under the laws of New York.[7] (Compl. ¶ 25.) A New York court has a significantly greater interest than an Ohio court in resolving disputes involving the

---

[7] Additionally, all of the pooling and servicing agreements for the issuing trusts are governed by New York law.

activities of these corporations and entities located in New York, organized under New York Law, or both. Cf. Bose v. Sunshine Elecs. of New York, Inc., No. 3:05-CV-252-L, 2006 U.S. Dist. LEXIS 18669, at *23-25 (N.D. Tex. Apr. 12, 2006) (holding that the Eastern District of New York had a local interest in adjudicating a federal trademark infringement action because the alleged infringers were headquartered in Brooklyn).

## IV. The Court May Rule on Defendants' Motion to Transfer Without Determining Its Jurisdiction

For the reasons set forth above, considerations of convenience, fairness, and judicial economy weigh strongly in favor of transfer. In such instances, federal courts have the discretion to rule on a defendant's motion to transfer a case to another venue before resolving jurisdictional questions. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 425 (2007) (holding that a district court "need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case"); DRFP, LLC v. The Republica Bolivariana de Venezuela, No. 04-cv-0793, 2007 U.S. Dist. LEXIS 51267, at *6 (S.D. Ohio July 16, 2007) (finding that the court may decide "threshold issues such as subject-matter jurisdiction[,] . . . personal jurisdiction," and *forum non conveniens* "in any order that the court deems appropriate").

Because 28 U.S.C. § 1404(a) supersedes the venue function of the *forum non conveniens* doctrine, Sinochem also permits courts to treat transfer pursuant to section 1404(a) as a threshold issue to be decided before addressing other jurisdictional matters. Union Cent. Life Ins. Co. v. Andraos Capital Mgmt. & Ins. Servs., Inc., No. 09-758-HJW-JGW, 2010 U.S. Dist. LEXIS 129524, at *17 (S.D. Ohio June 16, 2010). Here, as

10

discussed above, the merits of this case are best adjudicated in the Southern District of New York. This Court may therefore "bypass[] questions of subject-matter and personal jurisdiction" and transfer this action to the Southern District of New York. <u>Sinochem Int'l Co.</u>, 549 U.S. at 432.

### REQUEST FOR ORAL ARGUMENT

Morgan Stanley hereby requests oral argument in this matter pursuant to Local Civil Rule 7.1(b)(2). In light of the complexity of the factual and legal issues presented in this motion, oral argument will help fairly resolve this matter.

### CONCLUSION

For the reasons set forth above, Morgan Stanley respectfully requests that the Court transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

/s Christopher D. Cathey
_____
Christopher D. Cathey (0071231), Trial Attorney
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409
(513) 698-5026 direct dial
(513) 698-5027 direct facsimile
ccathey@ulmer.com

Of Counsel:

Michael N. Ungar
Ulmer & Berne LLP
1660 West Second Street, Suite 1100
Cleveland, OH 44113-1448
(216) 583-7002 direct dial
mungar@ulmer.com

James P. Rouhandeh
Daniel J. Schwartz
Andrew D. Schlichter
*pro hac vice applications forthcoming*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017

*Counsel for Morgan Stanley Mortgage Capital Inc., Morgan Stanley Capital I Inc., and Morgan Stanley & Co. Incorporated*

11

Tel:  (212) 450-4000; Fax:  (212) 701-5581
rouhandeh@davispolk.com
daniel.schwartz@davispolk.com
andrew.schlichter@davispolk.com

## CERTIFICATE OF SERVICE

      I certify that a true and accurate copy of the foregoing has been filed via the Court's electronic filing on August 24, 2011.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                              /s Christopher D. Cathey

794809v1
8/24/2011