IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, et al., | : | Case No. 1:11-CV-576 |
|  | : |  |
| Plaintiffs, | : | Judge Arthur Spiegel |
| v. | : |  |
|  | : | ORAL ARGUMENT |
| MORGAN STANLEY MORTGAGE CAPITAL INC., et al., | : | REQUESTED |
|  | : |  |
| Defendants. | : |  |

---

## PLAINTIFFS' MOTION TO REMAND

---

The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc. respectfully move this Court to remand this action back to the Court of Common Pleas, Hamilton County and for an award of attorney fees pursuant to 28 U.S.C. Sections 1447(c) and 1334.  A Memorandum of Law and the Declarations of Adam C. Sherman and Jeffrey Stainton in Support of this Motion are attached.

Respectfully submitted,

/s/ Glenn V. Whitaker
Glenn V. Whitaker, Trial Attorney  (0016128)
gvwhitaker@vorys.com
Eric W. Richardson (0066530)
ewrichardson@vorys.com
Adam C. Sherman (0076850)
acsherman@vorys.com
Erik B. Bond (0087188)
ebbond@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:     (513) 723-4000
Facsimile:     (513) 852-7885

David H. Wollmuth (*pro hac vice to be filed*)
dwollmuth@wmd-law.com
Vincent T. Chang (*pro hac vice to be filed*)
vchang@wmd-law.com
Steven S. Fitzgerald (*pro hac vice to be filed*)
sfitzgerald@wmd-law.com
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:     (212) 382-3300
Facsimile:     (212) 382-0050

*Attorneys for Plaintiffs The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................1

BACKGROUND ..................................................................................................3

ARGUMENT .......................................................................................................6

I.     Section 22(a) of the Securities Act Unequivocally Mandates Remand to
Ohio State Court ...........................................................................................7

II.    Defendants Cannot Establish "Related To" Bankruptcy Jurisdiction...........................9

     A.    This Action Can Have No Conceivable Effect On AHM's Bankruptcy .........11

     B.    Any Purported Connection Between AHM's Bankruptcy Case and This
Action is Far Too Tenuous to Support "Related To" Jurisdiction...................12

III.    If "Related To" Jurisdiction Exists, This Court Should Abstain From
Exercising It ...............................................................................................14

CONCLUSION...................................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                **Page**

*Accord First Nat'l Bank of Pulaski v. Curry*,
    301 F.3d 456 (6th Cir. 2002) ...........................................................................7

*Ahearn v. Charter Twp.*,
    100 F.3d 451 (6th Cir. 1996) .........................................................................7

*Allstate Ins. Co. v. Ace Secs. Corp.*,
    No. 11-1914, 2011 U.S. Dist. LEXIS 91989 (S.D.N.Y. Aug. 16, 2011)...........16

*American Pipe Construction Co. v. Utah*,
    414 U.S. 538 (1974)................................................................................8, 9

*Bell v. Hood*,
    327 U.S. 678 (1946)......................................................................................9

*Bower v. Am. Cas. Co.*,
    2001 U.S. App. LEXIS 18053 (6th Cir. Aug. 6, 2001) ...................................7

*Brierly v. Alusuisse Flexible Packaging, Inc.*,
    184 F.3d 527 (6th Cir. 1999) .........................................................................7

*Cardinal Indus., Inc. v. Suitt Constr. Co., Inc.*,
    142 B.R. 807 (Bkrtcy. S.D. Ohio 1992) ......................................................15

*Charles Schwab Corp. v. BNP Paribas Sec.*,
    No. C 10-04030 SI, 2011 U.S. Dist. LEXIS 22322, 2011 WL 724696....................14, 16

*City of Birmingham Ret. & Relief Fund v. Citigroup, Inc.*,
    2003 WL 22697225 (N.D. Ala. Aug. 12, 2003) ..............................................8

*Coward v. AC & S, Inc.*,
    91 Fed. Appx. 919 (5th Cir. 2004)................................................................14

*Cunningham v. Pension Ben. Guar. Corp.*,
    235 B.R. 609 (N.D. Ohio 1999)....................................................................13

*Fed. Home Loan Bank of Atlanta v. Countrywide Sec. Corp.*,
    2011 WL 1598944 (N.D. Ga. Apr. 22, 2011) ................................................12

*Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*,
    No. 10-7560, 760 F. Supp. 2d 807 (N.D. Ill. Jan. 18, 2011) ...........................16

*Fed. Home Loan Bank of Chicago v. Banc of Am. Secs. LLC*,
    448 B.R. 517 (C.D. Cal. 2011) ...................................................................15, 16

*Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec., Inc.*,
    No. 10 Civ. 1463-WTL-DML, No. 10-1463, 2011 U.S. Dist. LEXIS 56216,
    2011 WL 2133539 (S.D. Ind. May 25, 2011) ...................................................13

*Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs., Inc.*,
    Nos. 10-3039 SC, 10-3045 SC, 2010 WL 5394742 (N.D. Cal. Dec. 20, 2010) ...............16

*Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*,
    No. C10-0139 RSM, 2010 WL 3662345 (W.D. Wash. Sept. 1, 2010) ...........................16

*Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*,
    736 F. Supp. 2d 1283 (W.D. Wash. 2010)..........................................................16

*FHLB Pittsburgh v. J.P. Morgan Sec., Inc.*,
    No. 09-1421, 2009 U.S. Dist. LEXIS 118585, 2009 WL 5178904
    (W.D. Pa. Dec. 21, 2009)..........................................................................16

*Fishburn v. Brown*,
    125 F.3d 979 (6th Cir. 1997) ......................................................................9

*Ill. Mun. Ret. Fund v. Citigroup, Inc.*,
    No. 03-0465, 2003 U.S. Dist. LEXIS 16255 (S.D. Ill. Sept. 9, 2003)................................8

*In re Asbestos Litig.*,
    271 B.R. 118 (S.D. W.Va. 2001) ..................................................................13

*In re Baumgartner*,
    57 B.R. 517 (Bankr. S.D. Ohio 1986).............................................................14

*In re Craig's Stores of Tex., Inc.*,
    266 F.3d 388 (5th Cir. 2001) ..................................................................10, 13

*In re Dow Corning Corp.*,
    86 F.3d 482 (6th Cir. 1996) ........................................................................9

*In re Fairfield Cmtys., Inc.*,
    142 F.3d 1093 (8th Cir. 1998) .................................................................10, 13

*In re Federal-Mogul Global Inc.*,
    300 F.3d 368 (3d Cir. 2002)........................................................................14

*In re Johns-Manville Corp.*,
    7 F.3d 32 (2d Cir. 1993)). .....................................................................10, 13

*In re Morgan Stanley Pass-Through Certificates Security Litigation*,
  09-cv-2137 (LTS) (SDNY) ...................................................................................8

*In re Nat'l Century Fin. Enters.*,
  323 F. Supp. 2d ...................................................................................................15

*In re Salem Mortgage Co.*,
  783 F.2d 626 (6th Cir. 1986) .............................................................................12

*In re Spaulding & Co.*,
  131 B.R. 84 (N.D. Ill. 1990) .............................................................................14

*In re Thickstun Bros. Equip. Co.*,
  344 B.R. 515 (B.A.P. 6th Cir. 2006).............................................................10, 13

*In re TWA*,
  278 B.R. 42 (Bankr. D. Del. 2002) ...................................................................16

*In re United Container LLC*,
  284 B.R. 162 (Bankr. S.D. Fla. 2002)...............................................................12

*Long v. Bando Mfg. of Am., Inc.*,
  201 F.3d 754 (6th Cir. 2000) ...............................................................................7

*MBIA Ins. Corp. v. Indymac ABS, Inc.*,
  No. 09-07737, 2009 U.S. Dist. LEXIS 126567 (C.D. Cal. Dec. 23, 2009) ................ 12-13

*Pacor, Inc. v. Higgins*,
  743 F.2d 984 (3rd Cir. 1984) .............................................................................14

*Retirement Sys. of Ala. v. J. P. Morgan Chase & Co.*,
  285 B.R. 519 (M.D. Ala. 2002) .........................................................................13

*Robinson v. Michigan Consol. Gas. Co., Inc.*,
  918 F.2d 579 (6th Cir. 1990) .......................................................................10, 12

*Sanders Conf. Prods. v. Heller Fin., Inc.*,
  973 F.2d 474, 482 (6th Cir. 1992) .....................................................................10

*Schroeder v. Honeywell Int'l*,
  2002 WL 32107932 (S.D. Tex. Jan. 23, 2002)..................................................13

*Shamrock Oil & Gas Corp. v. Sheets*,
  313 U.S. 100 (1941).............................................................................................7

*Shanehchian v. Macy's, Inc.*,
  251 F.R.D. 287, 289 (S.D. Ohio 2008) ...........................................................................15

*Skylark v. Honeywell Int'l, Inc.*,
  2002 WL 32101980 (S.D. Fla. Jan. 25, 2002) .................................................................13

*Stratton v. Wommack*,
  230 Fed. Appx. 491 (6th Cir. 2007).................................................................................9

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*,
  No. 03-0128, 2004 U.S. Dist. LEXIS 24043 (M.D. Tenn. Oct. 8, 2004) ...........................7

*Vaccariello v. Smith & Nephew Richards, Inc.*,
  94 Ohio St. 3d 380 (2002).............................................................................................8-9

*Wise v. Travelers Indem. Co.*,
  192 F. Supp. 2d 506 (N.D. W.Va. 2002) .........................................................................13

**STATUTES:**                                                                                         **Page**

15 U.S.C. § 77v .........................................................................................................................7

28 U.S.C. §§1147 .....................................................................................................................17

28 U.S.C. §§1331 .......................................................................................................................6

28 U.S.C. §§1334 ................................................................................................................ *passim*

28 U.S.C. §§ 1441 ......................................................................................................................7

28 U.S.C. §§1446 .......................................................................................................................6

28 U.S.C. §§1452 ........................................................................................................6, 8, 14, 15

ORC §§ 1707.41 .........................................................................................................................2

ORC §§ 1707.43 .........................................................................................................................2

ORC §§ 1707.44 .........................................................................................................................2

## MEMORANDUM OF LAW IN SUPPORT

The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc. (collectively, "Western & Southern") respectfully submit this memorandum of law and the Declarations of Adam C. Sherman, dated August 26, 2011 ("Sherman Decl."), and Jeffrey Stainton, dated August 26, 2011 ("Stainton Decl."), in support of their motion to remand this action back to the Court of Common Pleas, Hamilton County and for an award of attorney fees pursuant to 28 U.S.C. Sections 1447(c) and 1334. Plaintiffs request oral argument because of the significant factual and legal issues raised by Defendants' removal.

## PRELIMINARY STATEMENT

Morgan Stanley Mortgage Capital Inc., Morgan Stanley Capital I Inc., and Morgan Stanley & Co. Incorporated (the "Morgan Stanley Defendants") are not bankrupt. Yet, they claim federal bankruptcy jurisdiction based upon the bankruptcy of a single third party with only an attenuated connection to the claims made against the Morgan Stanley Defendants in this case, and even though the Defendants have already settled the only claim they made against that third party cited in the Notice of Removal. Such a connection cannot form the basis of "related to" bankruptcy jurisdiction.

The Morgan Stanley Defendants misled investors, including Western & Southern, into buying securities based on mortgages that were not what Defendants claimed them to be. Defendants' misrepresentations about those securities have caused Western & Southern, among many other investors, to incur enormous losses. Those actions have also led to a massive number of improper foreclosures, many of which have victimized residents of Ohio. Not

surprisingly then, Defendants want desperately to avoid being sued in Ohio State court. They have contorted the federal removal statutes in an attempt to get out of state court in the first instance, and are further trying to move this case out of Ohio altogether. *See* Defs.' Aug. 24, 2011 Mtn. to Transfer.

Western & Southern commenced this action in state court – where it belongs – asserting that certain securities (the "Certificates") sold by Morgan Stanley pursuant to public filings and offering materials (the "Offering Materials") contained untrue statements and omissions of material facts in violation of Sections 1707.41, 1707.43 and 1707.44 of the Ohio Revised Code. Western & Southern has further stated claims for negligent misrepresentation and violation of the Federal Securities Act of 1933 (the "Securities Act") against the Morgan Stanley Defendants.

Congress has expressly provided that when an individual investor files a state court complaint which includes Securities Act claims, a defendant may not remove that case to federal court regardless of whether the defendant claims an alternative basis for federal jurisdiction. This case falls squarely within the purview of that rule and thus this case should be remanded. Despite this Congressional mandate, Defendants filed a notice of removal on August 22, 2011 (the "Notice of Removal" or "NOR"), arguing that this action is "related to" the already confirmed (in 2009) bankruptcy of a *single* loan originator (out of at least a dozen originators used by the Defendants). Moreover, that originator, American Home Mortgage ("AHM"), provided only a limited number of the loans underlying the Certificates purchased by Western & Southern in only two of the four Morgan Stanley securitizations (the "Morgan Stanley Offerings") that form the basis of this action.[1]

---

[1] The Morgan Stanley Offerings consist of MSM Loan Trust 2006-11 1A4 ("MSM 2006-11 1A4"), MSM Loan Trust 2006-12XS ("MSM 2006-12XS"), MSM Loan Trust 2006-17XS ("MSM 2006-17XS"), and MSM Loan Trust 2007-3XS ("MSM 2007-3XS").

More astounding, however, is that the Morgan Stanley Defendants have put forward a single proof of claim filed in AHM's bankruptcy ("Proof of Claim 9032") as evidence that this action is "related to" that bankruptcy. In a so-ordered stipulation dated March 23, 2010 – 16 months before Western & Southern initiated this action – Morgan Stanley Mortgage Capital Holdings LLC ("MSMCH") *expressly released AHM from any future liability* that may accrue under Proof of Claim 9032.[2] In their Notice of Removal, however, the Morgan Stanley Defendants told this Court that they have reserved their rights to indemnification from AHM in its bankruptcy. NOR ¶ 13. Precisely the opposite is true. Based on the record before the Court, there is simply no way for this action to affect AHM's bankruptcy.

The misconduct of the Morgan Stanley Defendants in relation to the Offerings is currently the focus of criminal and civil investigations commenced by the Attorneys General of all fifty states and the federal authorities. Now, Morgan Stanley seeks to avoid being called to account for its acts in Ohio by removing this case without any proper foundation. Defendants have not established that this Court should exercise jurisdiction over this case and it is respectfully submitted that this Court should therefore grant Western & Southern's motion to remand this action to the Court of Common Pleas for Hamilton County, the originally chosen and proper forum of this Ohio plaintiff, and award Western & Southern the attorney fees it incurred in responding to Defendants' removal.

## BACKGROUND

During the housing boom of the mid-2000s, the Morgan Stanley Defendants and their affiliates aggressively expanded their mortgage loan origination and securitization programs. To create residential mortgage-backed securities, such as the Certificates purchased by Western &

---

[2] MSMCH is the successor-in-interest by merger to defendant Morgan Stanley Mortgage Capital Inc.

Southern, a process known as mortgage securitization is used.  Mortgage loans are acquired from mortgage originators and pooled together, with securities constituting interests in the cash flow from the mortgage pools then sold to investors.  The securities are also referred to as mortgage pass-through securities because the cash flow from the pool of mortgages is passed through to the securities holders when payments are made by the underlying mortgage borrowers.

The Morgan Stanley Defendants earned substantial profits from originating and securitizing the mortgage loans, but they did not have to bear the loss if the mortgage loans defaulted as long as they could continue to offload the risk onto unsuspecting investors such as Western & Southern.  The Morgan Stanley Defendants' insatiable appetite for profits was fed by these securitizations, no matter the cost.  To that end, the securities were marketed to Western & Southern as safe investments because the loans backing the securities were allegedly underwritten in accordance with prudent underwriting standards that ensured each borrower could repay the loan.  This could not be further from the truth.

In reality, the loans backing these securities deviated substantially from what was represented to Western & Southern.  In an effort to churn out as many mortgage backed securities to investors as possible, Defendants abandoned their disclosed underwriting guidelines, often originating or purchasing loans issued to borrowers regardless of their ability to repay.  The loans were often issued on the basis of overstated incomes, inflated appraisals, false verifications of employment, and other departures from the disclosed underwriting criteria that had no proper justification.

The Morgan Stanley Defendants' systemic departure from their underwriting guidelines was a focus of a report issued in January 2011 by the Financial Crisis Inquiry Commission ("FCIC Report").  The FCIC Report collected evidence demonstrating that the Morgan Stanley

Defendants were notified that 20% of the mortgage loans underlying Morgan Stanley's securitizations did not comply with Morgan Stanley's stated underwriting guidelines, but the Morgan Stanley Defendants included them in their offerings anyway.  These systemic departures have been confirmed by evidence made public by the Massachusetts Attorney General, Morgan Stanley's insurer, MBIA Insurance Corporation, and current and former employees of Morgan Stanley or its agents.

The Morgan Stanley Defendants sometimes relied on outside firms to conduct reviews of mortgage loans underlying their securitizations, and one of the largest such firms was Clayton Holdings ("Clayton").  As the FCIC concluded in its January 2011 report: "Because of the volume of loans examined by Clayton during the housing boom, the firm had a unique inside view of the underwriting standards that originators were actually applying – and that securitizers were willing to accept."

Clayton generated regular reports for the Morgan Stanley Defendants that summarized Clayton's findings, including summaries of loan files that did not comply with the relevant underwriting standards.  Internal Clayton documents show that, contrary to the Morgan Stanley Defendants' representations, a startlingly high percentage of loans reviewed by Clayton for Morgan Stanley were defective, but were nonetheless included by the Morgan Stanley Defendants in loan pools sold to Western & Southern and other investors.  ***According to Clayton's data 37% (or 23,154) of the 62,940 loans that it reviewed for the Morgan Stanley Defendants failed to conform to Morgan Stanley's stated underwriting standards.***  Of the 37% of loans identified by Clayton as non-compliant, the Morgan Stanley Defendants ***"waived in" 56% (or 20% of the total pool)***, thereby including those toxic loans in securitization pools sold to investors such as Western & Southern.

It has also recently come to light that despite representations to the contrary in the Offering Materials, Defendants did not properly assign many of the mortgage notes and related security instruments, or properly transfer the mortgage files underlying each securitization. Mortgage paperwork in many cases has been lost or was never transferred to the issuing Trusts as required under state laws governing assignments and the formation of trusts.  As a result, such mortgage loans cannot be foreclosed upon in any efficient manner (and perhaps not at all), when borrowers default.  Defendants' actions have thus resulted in widespread foreclosure misconduct, including the filing of false documentation with courts nationwide and the forging of assignment papers in an attempt to, *inter alia*, cover up the Morgan Stanley Defendants' failure to assign mortgage loans and transfer documentation in accordance with their disclosures in the Offering Materials.

In addition to the investigations commenced by every State Attorney General, the Securities and Exchange Commission ("SEC") and the United States Department of Justice ("DOJ") are currently engaged in related probes.  It has been reported that the SEC and DOJ are particularly focused on evidence that Morgan Stanley placed massive bets against the U.S. housing market while simultaneously touting mortgage-backed securities as creditworthy investments.

In light of the misconduct of the Morgan Stanley Defendants, on July 18, 2011, Western & Southern filed this action in the Court of Common Pleas for Hamilton County asserting claims under the Ohio Securities Act, the Securities Act of 1933, and Ohio common law.  At this time, no Defendant has filed or served an answer to the complaint.  On August 22, 2011, the Morgan Stanley Defendants filed a notice removing this action to this Court, purportedly pursuant to 28 U.S.C. Sections 1331, 1334, 1446 and 1452.

## <u>ARGUMENT</u>

Defendants seek to remove this action without proper grounds for doing so and therefore this case should be remanded.  In pertinent part, removal is limited to cases "of which the district courts have original jurisdiction founded on a claim arising under the Constitution, treaties or laws of the United States" or to cases that could have otherwise been filed in federal court.  28 U.S.C. §§ 1441(a), (b).  It is well established that "[t]he burden of showing that the district court has original jurisdiction is on the party seeking removal."  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  The Defendants have failed to carry that burden.

The Sixth Circuit has repeatedly cautioned that "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *accord First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("the removal statutes are to be narrowly construed"); *Long*, 201 F.3d at 757.  Such statutes should be strictly construed out of "[d]ue regard for state governments' rightful independence [which] requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits."  *Ahearn v. Charter Twp.*, 100 F.3d 451, 454 (6th Cir. 1996) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).  Thus, there is a strong presumption against removal and any doubts concerning removability should be decided in favor of remand back to state court.  *See Bower v. Am. Cas. Co.*, No. 99-4102, 2001 U.S. App. LEXIS 18053, at *12-13 (6th Cir. Aug. 6, 2001).

## I.     Section 22(a) of the Securities Act Unequivocally Mandates Remand to Ohio State Court

Section 22(a) of the Securities Act provides that "no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  *See* 15 U.S.C. § 77v.  This provision could not be clearer:  a complaint filed

in state court that asserts Securities Act claims cannot be removed and *must* be remanded if a defendant attempts to remove it. *See Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, No. 03-0128, 2004 U.S. Dist. LEXIS 24043, at *19 (M.D. Tenn. Oct. 8, 2004) (Section 22(a) mandates remand regardless of whether or not there is an independent basis for federal jurisdiction); *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, No. 03-0465, 2003 U.S. Dist. LEXIS 16255, at *6 (S.D. Ill. Sept. 9, 2003) (same); *City of Birmingham Ret. & Relief Fund v. Citigroup*, Inc., 2003 WL 22697225, at *3 (N.D. Ala. Aug. 12, 2003) (same).

Judge Haynes' decision in *Tennessee Consolidated Retirement System* is directly on point. In that action, the plaintiff brought claims under the federal Securities Act in Ohio state court against a number of underwriter defendants arising out of its purchase of certain Worldcom debt securities. *Tenn. Consol. Ret. Sys*, No. 03-0128, 2004 U.S. Dist. LEXIS 24043, at *2. The defendants removed the action pursuant to 28 U.S.C. Sections 1334(b) and 1452 on the ground that the plaintiff's claims were related to the Worldcom bankruptcy. *Id.* at *3. Judge Haynes remanded the case pursuant to the unambiguous prohibition against removal of Securities Act claims set forth in Section 22(a) of the Securities Act. *Id.* at *19. Similarly, the Morgan Stanley Defendants' Notice of Removal provides no basis for disregarding that prohibition. As a result, even if Defendants could establish a basis for federal jurisdiction over this action – and they cannot (*see* Points II-III, *infra*) – this action must be remanded.

The only reference to Western & Southern's Securities Act claims in the Notice of Removal is Morgan Stanley's inaccurate assertion in footnote 3 that the Securities Act claims are time barred. NOR ¶ 8, fn. 3. However, the limitations periods for Western & Southern's Securities Act claims have been tolled since December 2008 by virtue of the timely filing of the complaint in *In re Morgan Stanley Pass-Through Certificates Security Litigation*, 09-cv-2137

(LTS) (SDNY).  *See* Compl. ¶ 224; *American Pipe Construction Co. v. Utah*, 414 U.S. 538, 554 (1974) (once a complaint is filed purporting to assert class claims, the rights of absent members of the class to bring suit are preserved at least until class certification is denied); *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St. 3d 380, 382-383 (2002) ("the filing of a class action, whether in Ohio or the federal court system, tolls the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action").

Because the limitations periods for Western & Southern's Securities Act claims have been tolled by *American Pipe* and *Vaccariello*, Section 22(a) mandates remand of this case to Ohio State court.  Although Defendants' statute of limitations defense is without merit, Defendants may raise it in state court following remand.  At a minimum, if any question remains about the application of *American Pipe* and *Vaccariello* tolling, because such an inquiry is highly fact intensive, it is not properly made on the current record before the court.  *See, e.g.*, *Stratton v. Wommack,* 230 Fed. Appx. 491, 498 (6th Cir. 2007) ("[W]hether a claim is barred by a statute of limitations is a factually intensive claim that this court is ill-equipped to consider in the first instance.") (internal citations omitted).  It is well-settled that jurisdictional issues should not be conflated with merits-based issues such as statute of limitations.  *Fishburn v. Brown*, 125 F.3d 979 (6th Cir. 1997) ("Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."); *Bell v. Hood*, 327 U.S. 678, 682 (1946).[3]

---

[3] It is worth noting that if Defendants were correct that Western & Southern's Securities Act claims were time-barred – and they are not – then this Court would be ***required*** to abstain from exercising "related to" jurisdiction because only state claims would remain in the case.  *See* 28 U.S.C. § 1334(c)(2); *In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir. 1996).  On the other hand, if the Securities Act claims are alive, then this Court is required to remand the case under Section 22(a).  Either way, the Court is required to remand this action.

## II.    Defendants Cannot Establish "Related To" Bankruptcy Jurisdiction

Defendants contend that this Court has "related to" bankruptcy jurisdiction pursuant to 28 U.S.C. Section 1334(b) based on alleged *potential* indemnification claims that Defendants *may* have against a single bankrupt loan originator, AHM, which originated a limited number of the loans in only two of the four securities offerings that are the subject of the Complaint.[4]  A plan of reorganization in the AHM bankruptcy was confirmed by the Bankruptcy Court for the District of Delaware (more than two years ago) on February 23, 2009.  Generally speaking, "related to" jurisdiction exists only where the outcome of a claim could conceivably have an effect on the subject bankrupt estates.  *Robinson v. Michigan Consol. Gas. Co.*, Inc., 918 F.2d 579, 583 (6th Cir. 1990).  Moreover, where (as here) there is a confirmed plan of reorganization in the bankruptcy proceeding that the removed claims are purportedly "related to," there must be a "close nexus" between the action and the bankruptcy plan or proceeding so that the action would affect "the interpretation, implementation, consummation, execution, or administration of the confirmed plan."  *In re Thickstun Bros. Equip. Co.*, 344 B.R. 515, 521 (B.A.P. 6th Cir. 2006) (internal citations omitted).[5]  Ultimately, to qualify for "related to" jurisdiction, the action must "alter the debtor's rights or liabilities" and "an extremely tenuous connection" between the action and the subject bankruptcy – as here – "will not suffice."  *Sanders Conf. Prods. v. Heller Fin., Inc.*, 973 F.2d 474, 482 (6th Cir. 1992) (internal citations omitted).

---

[4] Defendants concede this is not a core bankruptcy proceeding or a case arising under the bankruptcy code within the meaning of Section 1334.  *See* NOR ¶ 18.

[5] After plan confirmation, bankruptcy court jurisdiction is not required "to facilitate 'administration' of the debtor's estate, for there is no estate left to reorganize."  *In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390-391 (5th Cir. 2001).  "After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan." *Id.* (citing *In re Fairfield Cmtys., Inc.*, 142 F.3d 1093, 1095 (8th Cir. 1998); *In re Johns-Manville Corp.*, 7 F.3d 32, 34 (2d Cir. 1993)).

Defendants have not established – and cannot establish – "related to" bankruptcy jurisdiction.  First, on the record before the court, the claims in this action cannot possibly impact the AHM bankruptcy estate because the sole proof of claim filed by Morgan Stanley against AHM and relied on in this action was reduced to a sum certain more than a year before Western & Southern filed this action and ***Morgan Stanley released AHM from any other claims arising from its purchase of mortgage loans from AHM.***  Sherman Decl., Ex. B.  Second, even if Morgan Stanley had not released any potential indemnification claim against AHM for its liability in this action, such a contingent claim would provide far too tenuous a connection to the AHM bankruptcy to support "related to" bankruptcy jurisdiction.

**A.      This Action Can Have No Conceivable Effect On AHM's Bankruptcy**

In its Notice of Removal, Morgan Stanley asserts that "MSMCH has asserted ***and reserved its right*** to indemnification and contribution from AHM in the AHM bankruptcy." NOR ¶ 13 (emphasis added).  In support of this assertion, Morgan Stanley cites (and attaches as Exhibit I to its Notice of Removal), Proof of Claim number 9032.  *Id.*  Pursuant to Proof of Claim 9032, MSMCH sought over $30 million in actual damages in connection with claims for (i) the repurchase of 141 mortgage loans, (ii) premium recapture in connection with 285 mortgage loans, and (iii) alleged breaches of certain representations and warranties by AHM. Sherman Decl., Ex. B at 2.  By stipulation executed March 23, 2010 and so ordered by the Bankruptcy Court on March 30, 2010 – approximately 16 months ***before*** Western & Southern commenced this action in Ohio state court – Morgan Stanley agreed to extinguish its contingent, unliquidated claims against AHM and to reduce its claim for actual damages to a general unsecured claim in the amount of  $14,454,764.  *Id.*  Therefore, under the sole proof of claim

identified and relied upon by Morgan Stanley here, its rights to indemnification from AHM are settled.

Moreover, pursuant to the same stipulation, Morgan Stanley agreed to release AHM from any and all and claims and liabilities "whether presently in existence or which may hereafter accrue" relating to the Morgan Stanley claims in the AHM bankruptcy. *Id.* at ¶ 4. Thus, there is no evidence that Morgan Stanley has "reserved its right" to indemnification from AHM for Morgan Stanley's liabilities in this action pursuant to Proof of Claim 9032. On the contrary, Morgan Stanley ***expressly released AHM from any future liability*** that may accrue under Proof of Claim 9032. Accordingly, on the record now before the court, Morgan Stanley can assert no claim against AHM for indemnification of Morgan Stanley's liabilities in this action and this action can have no conceivable effect on the AHM bankruptcy estate. *See Fed. Home Loan Bank of Atlanta v. Countrywide Sec. Corp.*, 2011 WL 1598944, at *3 (N.D. Ga. Apr. 22, 2011) (finding no "related to" jurisdiction post-confirmation because "there is no reason to believe that the administration of the bankruptcy estate will be impaired by the adjudication of this case in state court") (citing *In re United Container LLC*, 284 B.R. 162, 175 (Bankr. S.D. Fla. 2002) ("In a chapter 7 case or a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant.")).

### B. Any Purported Connection Between AHM's Bankruptcy Case and This Action is Far Too Tenuous to Support "Related To" Jurisdiction

Even if Morgan Stanley had not released AHM with respect to liabilities accruing in this action, the Morgan Stanley Defendants would have the burden of showing that the purported connection between its hypothetical indemnification claims arising out of this action and the AHM bankruptcy estate is not too "tenuous" to support "related to" jurisdiction. *See Robinson*,

12

918 F.2d at 584 ("'situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement'") (*quoting In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986)).  In cases such as this involving allegations of fraud in the offering of mortgaged backed securities, courts have often found the connection between such fraud cases and the bankruptcy of originator mortgage companies to be too attenuated for the exercise of "related to" jurisdiction.  *See MBIA Ins. Corp. v. Indymac ABS, Inc*., No. 09-07737, 2009 U.S. Dist. LEXIS 126567, *5-6 (C.D. Cal. Dec. 23, 2009) ("[t]he speculative connection between [Plaintiff's] California state-law claims and the hypothetical claims by the Individual Defendants in the Indymac Bancorp bankruptcy proceeding is too attenuated to support "'related to' jurisdiction"); *Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec., Inc*., No. 10 Civ. 1463-WTL-DML, No. 10-1463, 2011 U.S. Dist. LEXIS 56216, 2011 WL 2133539 (S.D. Ind. May 25, 2011) (similar holding).

The case for remand here is even stronger given the fact that AMH's bankruptcy has already been confirmed.  Any relationship between a hypothetical indemnification claim in a *post-confirmation* lawsuit cannot establish the essential "close nexus" to the implementation of a confirmed bankruptcy plan that will establish the necessary effect.  *See, e.g., In re Thickstun Bros. Equip. Co.*, 344 B.R. 515, 521 (B.A.P. 6th Cir. 2006); *Cunningham v. Pension Ben. Guar. Corp.*, 235 B.R. 609, 616 (N.D. Ohio 1999).  Moreover, a contingent and hypothetical contribution or indemnity claim cannot support bankruptcy removal as a matter of law.  *Skylark v. Honeywell Int'l, Inc*., 2002 WL 32101980, at *3 (S.D. Fla. Jan. 25, 2002); *Schroeder v. Honeywell Int'l*, 2002 WL 32107932, at *1 (S.D. Tex. Jan. 23, 2002) ("potential claims for contribution and/or indemnity . . . are merely speculative and, at best, manifestly premature.  The Court cannot accept hypothetical claims as a proper basis for federal jurisdiction"); *Retirement*

*Sys. of Ala. v. J. P. Morgan Chase & Co.*, 285 B.R. 519, 529 (M.D. Ala. 2002) (remanding in part because "Defendants' indemnification claims are contingent, not absolute"); *Wise v. Travelers Indem. Co.*, 192 F. Supp. 2d 506, 518 (N.D. W.Va. 2002) (same); *In re Asbestos Litig.*, 271 B.R. 118, 126 (S.D. W.Va. 2001); *In re Spaulding & Co.*, 131 B.R. 84, 90 (N.D. Ill. 1990). Where, as here, the current action is at most a "precursor" to the potential contribution claim, that claim can have no impact on the bankruptcy estate. *See, e.g.*, *Coward v. AC & S, Inc.*, 91 Fed. Appx. 919, 923-24 (5th Cir. 2004); *In re Federal-Mogul Global Inc.*, 300 F.3d 368, 382 (3d Cir. 2002) (stating that because indemnification claims against debtor would necessitate another lawsuit before it could impact the debtor's estate, the finding that jurisdiction was lacking was not error); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3rd Cir. 1984).

The purported connection is even more "tenuous" in the present case because, as Defendants acknowledge, AHM originated only a relatively small minority of the mortgages included in only two of the four offerings at issue in this case. NOR ¶ 9 (asserting that AHM originated mortgages were included in MS 2006-11 and MSM 2006-17XS). *See Charles Schwab Corp. v. BNP Paribas Sec.*, No. C 10-04030 SI, 2011 U.S. Dist. LEXIS 22322, 2011 WL 724696, at *2 (N.D. Cal. Feb. 23, 2011) (refusing to find bankruptcy jurisdiction where the bankrupt originator generated only a small percentage of the loans at issue). AMH loans constituted only 15.6% of one of those offerings, and in the other were as little as 1.2% of one of the collateral allocation groups (with the highest contribution at 37% of another group).

## III.  If "Related To" Jurisdiction Exists, This Court Should Abstain From Exercising It

Assuming, *arguendo*, that "related to" jurisdiction could be established (and it cannot), it is respectfully submitted that this Court, in its discretion, should abstain from exercising that jurisdiction pursuant to 28 U.S.C. Section 1334(c)(1) or remand the action on equitable grounds

14

pursuant to 28 U.S.C. Section 1452(b). Pursuant to Section 1334(c)(1), The district court may remand the case if it determines that permissive abstention serves the interests of justice and comity with state courts. *See, e.g., In re Baumgartner*, 57 B.R. 517, 521 (Bankr. S.D. Ohio 1986). Section 1452(b) affords "an unusually broad grant of authority" and any one of a number of equitable factors "may provide a sufficient basis for equitable remand." *Fed. Home Loan Bank of Chicago v. Banc of Am. Secs. LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011) (internal citations omitted).

The factors used by courts to consider equitable remand and discretionary abstention either favor remand or are neutral in this case. *See In re Nat'l Century Fin. Enters.*, 323 F. Supp. 2d at 885. Equitable or permissive abstention is particularly appropriate "where the connection to the debtor's main bankruptcy case is quite remote." *Cardinal Indus., Inc. v. Suitt Constr. Co., Inc.*, 142 B.R. 807, 810 (Bankr. S.D. Ohio 1992). As discussed above, on the record before the court, this case cannot possibly have any impact on the AHM bankruptcy because, among other reasons, that bankruptcy has already been confirmed and Morgan Stanley has ***released*** the AHM estate from any and all contingent claims related to the only proof of claim relied on in support of its removal of this case. Sherman Decl., Ex. B.

Moreover, under Ohio law, great weight is given to Western & Southern's choice of forum, especially where (as here) it is a resident of its chosen forum. *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 289 (S.D. Ohio 2008) ("A plaintiff's choice of forum is given great weight.") (Spiegel, J.) (citation omitted). Five of the six Western & Southern plaintiffs are Ohio domiciled companies with their principal place of business in this judicial district. *See* Stanton Decl. ¶¶ 4-9. They are longstanding citizens of Ohio with deep ties to Cincinnati and employ approximately 1,700 Ohio residents. *Id.* ¶¶ 4-10. Western & Southern also purchased the

Certificates in Ohio and continues to manage their investments from their offices in Cincinnati. *Id.* ¶ 12.  Unfortunately, Western & Southern has also been forced to recognize their losses on these unlawfully misrepresented securities in Ohio.

Many other courts considering similar legal arguments in mortgage-backed securities cases have declined to exercise "related to" jurisdiction on the basis of discretionary abstention because of the remote connection to the loan originators' bankruptcy cases, because most of the claims arise under state law, and because the indemnity claims at issue were attenuated and hypothetical.  *See Allstate Ins. Co. v. Ace Secs. Corp.*, No. 11-1914, 2011 U.S. Dist. LEXIS 91989 (S.D.N.Y. Aug. 16, 2011) (abstaining in case involving contention that claims of fraud in the offering of mortgage backed securities were "related to" the AHM bankruptcy based in part on the small number of mortgages in the offerings at issue that were originated by AHM); *Fed. Home Loan Bank of Chicago*, 448 B.R. at 525.[6]  There is also no cognizable prejudice to Defendants that flows from the fact that these claims will be heard in state court rather than bankruptcy court.  *See In re TWA*, 278 B.R. 42, 53 (Bankr. D. Del. 2002) ("[D]ismissing the instant action and allowing the issues addressed herein to be decided by the New York state court will not prejudice TWA.  As discussed above, the action does not implicate TWA's substantive rights under title 11 or affect the administration of TWA's bankruptcy estate.").

---

[6] *See also Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*, No. 10-7560, 760 F. Supp. 2d 807, 810 (N.D. Ill. Jan. 18, 2011) (holding the prospect that a few defendants may be able to invoke "related to" bankruptcy jurisdiction because a tiny percentage of loans were originated by a lender now in bankruptcy "cannot serve as a very small jurisdictional tail that can wag the very large jurisdictional dog of this lawsuit as a whole"); *Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs., Inc.*, Nos. 10-3039 SC, 10-3045 SC, 2010 WL 5394742, at *11 (N.D. Cal. Dec. 20, 2010) (same); *Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No. C10-0139 RSM, 2010 WL 3662345, at *7 (W.D. Wash. Sept. 1, 2010) (abstaining despite defendants' potential indemnification rights against mortgage lenders that had contributed loans to mortgage-backed securities); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*, 736 F. Supp. 2d 1283, 1290 (W.D. Wash. 2010) (same); *Charles Schwab*, 2011 WL 724696, at *3 (same); *FHLB Pittsburgh v. J.P. Morgan Sec., Inc.*, No. 09-1421, 2009 U.S. Dist. LEXIS 118585, 2009 WL 5178904 (W.D. Pa. Dec. 21, 2009).

## CONCLUSION

For all of the foregoing reasons it is respectfully submitted that this action should be remanded to the Court of Common Pleas, Hamilton County and that the Court award Plaintiffs attorneys fees under 28 U.S.C. Section 1147(c).

Respectfully submitted,

/s/ Glenn V. Whitaker
Glenn V. Whitaker, Trial Attorney (0016128)
gvwhitaker@vorys.com
Eric W. Richardson (0066530)
ewrichardson@vorys.com
Adam C. Sherman (0076850)
acsherman@vorys.com
Erik B. Bond (0087188)
ebbond@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:     (513) 723-4000
Facsimile:     (513) 852-7885

David H. Wollmuth (*pro hac vice to be filed*)
dwollmuth@wmd-law.com
Vincent T. Chang (*pro hac vice to be filed*)
vchang@wmd-law.com
Steven S. Fitzgerald (*pro hac vice to be filed*)
sfitzgerald@wmd-law.com
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:     (212) 382-3300
Facsimile:     (212) 382-0050

*Attorneys for Plaintiffs The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc.*

17

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing Motion to Remand was served upon counsel and parties via the

Court's CM/ECF System, this 26th day of August 2011.


/s/ Eric W. Richardson _____
Eric W. Richardson

18