**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE WESTERN AND SOUTHERN LIFE
INSURANCE COMPANY; WESTERN-
SOUTHERN LIFE ASSURANCE
COMPANY; COLUMBUS LIFE
INSURANCE COMPANY; INTEGRITY
LIFE INSURANCE COMPANY; NATIONAL
INTEGRITY LIFE INSURANCE
COMPANY; and FORT WASHINGTON
INVESTMENT ADVISORS, INC. ON
BEHALF OF FORT WASHINGTON
ACTIVE FIXED INCOME LLC,

     Plaintiffs,

  - against -

MORGAN STANLEY MORTGAGE
CAPITAL INC.; MORGAN STANLEY
CAPITAL I INC.; MORGAN STANLEY &
CO. INCORPORATED; INDYMAC MBS,
INC.; and MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 1:11-CV-576
Judge S. Arthur Spiegel

**MORGAN STANLEY'S
REPLY IN SUPPORT OF ITS
MOTION TO TRANSFER
THE ACTION TO THE
SOUTHERN DISTRICT OF
NEW YORK PURSUANT TO
28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................... 1

ARGUMENT ................................................................................................................. 2

I. This Court Can and Should Rule on Morgan Stanley's Transfer Motion
Before Deciding Plaintiffs' Remand Motion ......................................................... 2

II. This Action Could Have Been Brought in the Southern District of New York ...... 5

III. Transferring This Action to the Southern District of New York Is in the
Interests of Justice ................................................................................................. 8

    A. Judicial Economy Is Best Served by Transfer ............................................. 8

    B. Plaintiffs' Choice of Forum Is Entitled to Minimal Deference ................. 10

    C. Public Interest Factors Favor Transfer to the Southern District of
    New York .................................................................................................... 13

IV. The Convenience of the Parties and the Witnesses Favors Transfer to the
Southern District of New York ............................................................................ 14

CONCLUSION ............................................................................................................ 16

i

## TABLE OF AUTHORITIES

### CASES

PAGE

Air Line Pilots Ass'n, Int'l v. DHL Holdings (USA), Inc.,
  No. 1:06cv823, 2007 U.S. Dist. LEXIS 40771 (S.D. Ohio June 5, 2007).....................3

Am. Signature, Inc. v. Moody's Investors Servs., Inc.,
  No. 2:09-cv-878, 2010 U.S. Dist. LEXIS 68042 (S.D. Ohio July 2, 2010)........... 15-16

Armco, Inc. v. Reliance Nat'l Ins. Co.,
  No. C-1-96-1149, 1997 U.S. Dist. LEXIS 7880 (S.D. Ohio May 30, 1997)................7

Arters v. Sandoz, Inc.,
  No. 2:10-cv-00142, 2010 U.S. Dist. LEXIS 101197 (S.D. Ohio Sept. 27, 2010) .......12

Artisan Dev. v. Mountain States Dev. Corp.,
  401 F. Supp. 1312 (S.D. Ohio 1975) .............................................................................7

Blakely v. United States,
  276 F.3d 853 (6th Cir. 2002) ................................................................................5, 8

Boyajyan v. Columbus Fin. Grp., Inc.,
  No. 2:07-CV-798, 2007 U.S. Dist. LEXIS 91582 (S.D. Ohio Dec. 13, 2007)............14

Brooks v. Nat'l City Mortg.,
  No. 3:09-cv-375, 2011 U.S. Dist. LEXIS 106526 (S.D. Ohio Aug. 31, 2011) .............7

Campanella v. Commerce Exch. Bank,
  137 F.3d 885 (6th Cir. 1998) ......................................................................................8

DRFP, LLC v. Republica Bolivariana de Venezuela,
  No. 2:04-cv-0793, 2007 U.S. Dist. LEXIS 51267 (S.D. Ohio July 16, 2007)...............3

Donia v. Sears Holding Corp.,
  No. 1:07 CV 2627, 2008 U.S. Dist. LEXIS 43532 (N.D. Ohio May 30, 2008) ......9, 13

Edmison v. Vision Inv. & Dev., LLC,
  No. 1:06 CV 1108, 2006 U.S. Dist. LEXIS 93083 (N.D. Ohio Dec. 26, 2006)..........15

Esperson v. Trugreen Ltd. P'ship,
  No. 2:10-cv-02130, 2010 U.S. Dist. LEXIS 114500 (W.D. Tenn. Oct. 5, 2010)..........7

ii

Ferens v. John Deere Co.,
      494 U.S. 516 (1990).........................................................................................8

Gibraltar Trading Corp. v. PMC Specialties Grp., Inc.,
      No. 10 CV 3966, 2011 U.S. Dist. LEXIS 91156 (E.D.N.Y. Aug. 16, 2011) ...............4

Hall v. Gen. Electric Co.,
      No. 2:07-cv-0942, 2007 U.S. Dist. LEXIS 92264 (S.D. Ohio Dec. 4, 2007)...............3

Harris v. BNP Paribas,
      No. 2:09-cv-691, 2010 U.S. Dist. LEXIS 54104 (S.D. Ohio May 6, 2010)...............12

ITS Fin., LLC v. Advent Fin. Servs., LLC,
      No. 3:10 CV 0041, 2010 U.S. Dist. LEXIS 95025 (S.D. Ohio Aug. 23, 2010) ...........9

Inter-Nat'l Found. Corp. v. Disney 1999 Ltd. P'ship,
      No. 2:09-cv-983, 2010 U.S. Dist. LEXIS 138283 (S.D. Ohio Apr. 9, 2010).............11

Jamhour v. Scottsdale Ins. Co.,
      211 F. Supp. 2d 941 (S.D. Ohio 2002) ...................................................7, 12

Kabealo v. Davis,
      829 F. Supp. 923 (S.D. Ohio 1993) .............................................................5

Kay v. Nat'l City Mortg. Co.,
      494 F. Supp. 2d 845 (S.D. Ohio 2004) ...................................................15, 16

Lassak v. Am. Def. Sys., Inc.,
      No. 2:06-cv-1021, 2007 U.S. Dist. LEXIS 36547 (S.D. Ohio May 18, 2007)..............8

Levy v. Cain, Watters & Assocs.,
      No. 09-cv-723, 2010 U.S. Dist. LEXIS 9537 (S.D. Ohio Jan. 15, 2010)...................13

Ltd. Serv. Corp. v. M/V APL Peru,
      No. 2:09-cv-1025, 2010 U.S. Dist. LEXIS 53632 (S.D. Ohio May 25, 2010).............9

Minogue v. Modell,
      No. 1:06-cv-286, 2006 U.S. Dist. LEXIS 40026 (N.D. Ohio June 16, 2006) ..............3

In re Morgan Stanley Mortgage Pass-Through Certificates Litig.,
      No. 09 Civ. 2137, 2010 U.S. Dist. LEXIS 84146 (S.D.N.Y. Aug. 17, 2010) .........2, 10

In re Morgan Stanley Mortgage Pass-Through Certificates Litig.,
      No. 09 Civ. 2137, 2011 U.S. Dist. LEXIS 104280 (S.D.N.Y. Sept. 15, 2011).............5

Nat'l Benefit Programs, Inc. v. Express Scripts, Inc.,
 No. 2:09-cv-1156, 2010 U.S. Dist. LEXIS 48356 (S.D. Ohio May 17, 2010) .............8

Parsons v. Heebsh,
 No. 09-cv-14411, 2010 U.S. Dist. LEXIS 104587 (E.D. Mich. Sept. 30, 2010) ...........6

Pearle Vision, Inc. v. N.J. Eyes, Inc.,
 No. 08-CV-190, 2009 U.S. Dist. LEXIS 281 (S.D. Ohio Jan. 6, 2009) .....................13

Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co.,
 No. 08-487, 2008 U.S. Dist. LEXIS 99395 (S.D. Ohio Dec. 9, 2008) ........................13

Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc.,
 138 F.R.D. 89 (N.D. Ohio 1991), aff'd per curiam, 22 F.3d 1104 (6th Cir. 1994) .......7

Saglioccolo v. Eagle Ins. Co.,
 112 F.3d 226 (6th Cir. 1997) .......................................................................................6

Shanehchian v. Macy's, Inc.,
 251 F.R.D. 287 (S.D. Ohio 2008) ...........................................................................9, 10

Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,
 549 U.S. 422 (2007) ............................................................................................ passim

Sutherland v. Mich. Dep't of Treasury,
 344 F.3d 603 (6th Cir. 2003) ......................................................................................7

United States ex rel Kairos Scientia, Inc. v. Zinsser Co.,
 No. 5:10 CV 383, 2011 U.S. Dist. LEXIS 3867 (N.D. Ohio Jan. 14, 2011) ..............11

Vaughn v. Indiana & Ohio Ry. Co.,
 No. 3:07-CV-3635, 2008 U.S. Dist. LEXIS 36158 (N.D. Ohio Apr. 14, 2008) ..........16

West v. United States,
 No. 1:10 CV 1085, 2010 U.S. Dist. LEXIS 11484 (N.D. Ohio Oct. 28, 2010) .............3

Western & Southern Life Ins. Co. v. Countrywide Fin. Corp.,
 No. 1:11-CV-00267, 2011 U.S. Dist. LEXIS 97062 (S.D. Ohio Aug. 30, 2011) ....8, 15

Wyser-Pratte Mgmt. Co. v. Telxon Corp.,
 413 F.3d 553 (6th Cir. 2005) .....................................................................................12

Zimmer Enters., Inc. v. Atlandia Imps., Inc.,
 478 F. Supp. 2d 983 (S.D. Ohio 2007) ..........................................................14, 15, 16

STATUTES & RULES

28 U.S.C. § 1367 ...........................................................................................................1, 7

28 U.S.C. § 1367(a) .....................................................................................................5, 6

28 U.S.C. § 1404(a) ..................................................................................................... passim

Fed. R. Civ. P. 20(a) ..........................................................................................................6

Fed. R. Civ. P. 45(b)(2) ....................................................................................................15

Ohio Civ. R. 20(A) .............................................................................................................7

Sec. 22(a) of the Sec. Act of 1933 .....................................................................................4

OTHER AUTHORITIES

13D Charles Alan Wright et al., Federal Practice & Procedure § 3567.1 (4th ed. 2011) .... 6

14C Charles Alan Wright et al., Federal Practice & Procedure § 3739 (4th ed. 2011) .......2

Federal Court Management Statistics, September 2010, District Courts,
    *available at* http://www.uscourts.gov/cgi-bin/cmsd2010Sep.pl .................................14

## PRELIMINARY STATEMENT

Because an action involving many of exactly the same securities offerings, parties, and claims is currently pending in the Southern District of New York, and because both private and public interests strongly favor transfer, this action should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Plaintiffs' arguments to the contrary are meritless.

As an initial matter, under <u>Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.</u>, 549 U.S. 422, 425 (2007), this Court has unlimited discretion to rule on Morgan Stanley's[1] Motion to Transfer before deciding plaintiffs' Motion to Remand. There is simply no rule that a Southern District of Ohio court must decide a motion to remand before a motion to transfer. Rather, this Court may approach these and other threshold questions in any order it wants.

There is no question, moreover, that this action could have been brought in the Southern District of New York because there is subject matter jurisdiction over all of plaintiffs' claims. Plaintiffs' argument to the contrary is a red herring that is either foreclosed by their prior conduct or else is irrelevant. By joining their claims against Morgan Stanley, IndyMac, and Merrill Lynch together in the same complaint, plaintiffs have unavoidably taken the position that those claims satisfy the "same transaction [or] occurrence" standard for permissive joinder – which is narrower than 28 U.S.C. § 1367's "same case or controversy" test for supplemental jurisdiction. In other words, if plaintiffs were correct when they filed their complaint, there is necessarily subject matter

---

[1] Defendants Morgan Stanley & Co. Incorporated, Morgan Stanley Mortgage Capital Inc., and Morgan Stanley Capital I Inc. are collectively referred to herein as "Morgan Stanley."

jurisdiction over all of the claims in this action. And if plaintiffs are correct now, their claims against IndyMac and Merrill Lynch were misjoined and have no bearing on this motion.

Finally, transfer of this action to the Southern District of New York is in the interests of justice. Because this action involves identical claims relating to two of the same securities offerings at issue in In re Morgan Stanley Mortgage Pass-Through Certificates Litigation, 09 Civ. 2137 ("Pass-Through"), and because half of the plaintiffs here are putative plaintiffs in Pass-Through, the interests of judicial economy and conservation of judicial resources, among others, overwhelmingly support transfer. For all of these reasons, this action should be transferred to the Southern District of New York.

## ARGUMENT

### I. This Court Can and Should Rule on Morgan Stanley's Transfer Motion Before Deciding Plaintiffs' Remand Motion

It cannot be disputed that a federal court has discretion to rule on a motion to transfer before deciding a motion to remand. See Sinochem, 549 U.S. at 425; 14C Charles Alan Wright et al., Federal Practice & Procedure § 3739 (4th ed. 2011) (court not required to consider jurisdictional issues before non-merits issues). Nevertheless, in their opposition to Morgan Stanley's Motion to Transfer, plaintiffs initially take the position that Southern District of Ohio courts confronted with remand and transfer motions "decide the remand motion first." (Transfer Opp. at 6.[2]) Insofar as plaintiffs argue that a

---

[2] Plaintiffs' Opposition to Morgan Stanley's Motion to Transfer the Action Pursuant to 28 U.S.C. § 1404(a) is referred to herein as "Transfer Opp." Plaintiffs' Motion to Remand is referred to herein as "Remand Mot." Morgan Stanley's Opposition to Plaintiffs' Motion to Remand is referred to herein as "Remand Opp." Morgan

court in this or any other district *must* decide a remand motion before a transfer motion, they are wrong.

Consistent with <u>Sinochem</u>, courts in this District and throughout the Sixth Circuit "*need not* resolve whether [they have] authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if [they] determine[] that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." <u>Sinochem</u>, 549 U.S. at 425 (emphasis added). Instead, threshold issues "may be decided in any order that the court deems appropriate." <u>DRFP, LLC v. Republica Bolivariana de Venezuela</u>, No. 2:04-cv-0793, 2007 U.S. Dist. LEXIS 51267, at *6 (S.D. Ohio July 16, 2007) (citing <u>Sinochem</u>); <u>see also</u> <u>West v. United States</u>, No. 1:10 CV 1085, 2010 U.S. Dist. LEXIS 114844, at *3 (N.D. Ohio Oct. 28, 2010) (same). Not one of the cases plaintiffs cite remotely stands for the proposition that a court must decide remand before transfer. <u>See</u> <u>Hall v. Gen. Electric Co.</u>, No. 2:07-cv-0942, 2007 U.S. Dist. LEXIS 92264, at *4 (S.D. Ohio Dec. 4, 2007) (*staying* pretrial proceedings posing a risk of "duplicative discovery proceedings or inconsistent pretrial rulings" pending a ruling on a transfer motion by the Judicial Panel on Multidistrict Litigation); <u>Air Line Pilots Ass'n, Int'l v. DHL Holdings (USA), Inc.</u>, No. 1:06cv823, 2007 U.S. Dist. LEXIS 40771, at *8-9 (S.D. Ohio June 5, 2007) (no discussion of a court's discretion to consider transfer before remand); <u>Minogue v. Modell</u>, No. 1:06-cv-286, 2006 U.S. Dist. LEXIS 40026, at *57 (N.D. Ohio June 16, 2006) (same).

---

Stanley's Motion to Transfer the Action to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) is referred to herein as "Transfer Mot." Plaintiffs' July 18, 2011 Complaint is referred to herein as "Compl."

In a seeming about-face, plaintiffs themselves admit that courts sometimes may be required to "'decide [the] *motion to transfer* first,'" but then they rely on an Eastern District of New York case to assert that courts can do so only when resolving a remand motion presents an "arduous inquiry." (Transfer Opp. at 7 (quoting Gibraltar Trading Corp. v. PMC Specialties Grp., Inc., No. 10-CV-3966, 2011 U.S. Dist. LEXIS 91156, at *8-10 (E.D.N.Y. Aug. 16, 2011)) (emphasis added).). Plaintiffs, however, are mistaken. No authority from any jurisdiction supports the notion that a court's discretion in deciding when to consider a transfer motion is somehow limited by an "arduous inquiry" test – and even if plaintiffs had identified such authority, they make no attempt to define what, exactly, renders a jurisdictional inquiry "arduous."[3]

In any event, to the extent that the jurisdictional analysis here is not "arduous," it is only because remand is improper. As demonstrated in Morgan Stanley's Opposition to Plaintiffs' Motion to Remand, there is an even stronger basis here for the exercise of "related to" bankruptcy jurisdiction than in numerous other mortgage-backed securities cases where courts have found such jurisdiction. (See Remand Opp. at 7, 9-12 (citing cases).) Further, the argument upon which plaintiffs' Motion to Remand is principally based – that section 22(a) of the federal Securities Act of 1933 (the "Securities Act") requires remand here – is both incorrect as a matter of law and predicated on a form of

---

[3] Plaintiffs' assertion that under Gibraltar, Sinochem "has no application in the context of discretionary transfer under 28 U.S.C. § 1404(a) when the jurisdictional issues presented by the motion to remand do not require an 'arduous inquiry'" is incorrect. (See Transfer Opp. at 7 (citing Gibraltar, 2011 U.S. Dist. LEXIS 91156, at *10).) Gibraltar – an Eastern District of New York case – does not, and cannot, limit a court's discretion to consider transfer before remand. See Sinochem, 549 U.S. at 425.

4

tolling that the Sixth Circuit does not countenance. (Id. at 3-4, 6-7.) Accordingly, there is no basis to defer ruling on Morgan Stanley's Motion to Transfer.[4]

## II.  This Action Could Have Been Brought in the Southern District of New York

Plaintiffs fail to raise any doubt that this action "might have been brought" in the Southern District of New York. 28 U.S.C. § 1404(a). Plaintiffs do not – and cannot – dispute that venue would be proper in the Southern District of New York, nor that they would be subject to personal jurisdiction there. Instead, they argue only that subject-matter jurisdiction would be improper in the Southern District of New York because "there is no pendant or supplemental jurisdiction over [plaintiffs'] state law claims relating to the IndyMac Offerings."[5] (Transfer Opp. at 9.) This argument is either incorrect or irrelevant, and it is wholly inconsistent with plaintiffs' prior conduct in this action.[6]

---

[4] Regarding the question of whether the jurisdictional inquiry here is "arduous," Judge Swain recently issued a forty-page decision on a motion to dismiss in Pass-Through that involved some, but not all, of the same issues implicated by plaintiffs' remand motion. No. 09 Civ. 2137, 2011 U.S. Dist. LEXIS 104280 (S.D.N.Y. Sept. 15, 2011). Rather than decide these issues and the many others that Judge Swain will also have to decide in Pass-Through, this Court "properly takes the less burdensome course" by transferring this case to the Southern District of New York. Sinochem, 549 U.S. at 436.

[5] Under 28 U.S.C. § 1367(a), a federal district court with original jurisdiction may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a); Blakely v. United States, 276 F.3d 853, 861 (6th Cir. 2002). Section 1367(a) codified the common law concept of pendent jurisdiction, which permits courts to exercise jurisdiction over claims that "derive from a common nucleus of operative fact." See Kabealo v. Davis, 829 F. Supp. 923, 926-27 (S.D. Ohio 1993).

[6] Notably, while plaintiffs challenge the Southern District of New York's ability to exercise supplemental jurisdiction over their claims, plaintiffs did not similarly challenge this Court's jurisdiction over any of their state-law claims in their Motion to Remand. Plaintiffs apparently thus take the position, inexplicably, that if federal

5

To begin with, plaintiffs' argument that supplemental jurisdiction is lacking is not well taken. At the outset of this case, plaintiffs effectively conceded that there is supplemental jurisdiction over their claims against IndyMac and Merrill Lynch when they filed one complaint jointly naming those entities with Morgan Stanley as defendants.

By joining all of their claims in a single complaint, plaintiffs necessarily took the position that those claims satisfy the "same transaction [or] occurrence" standard for permissive joinder under Ohio Rule of Civil Procedure 20(A) – which is based directly on (and tracks verbatim) the standard for permissive joinder under Federal Rule of Civil Procedure 20(a). See Ohio Civ. R. 20 and accompanying notes. Under that Rule, defendants may be named together in one action only "if there is asserted against them any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences . . . . " Ohio Civ. R. 20(A).

Critically, the "same case or controversy" standard for supplemental jurisdiction under 28 U.S.C. § 1367(a) is *broader* than the "same transaction or occurrence" test for permissive joinder. E.g., Parsons v. Heebsh, No. 09-cv-14411, 2010 U.S. Dist. LEXIS 104587, at *24-26 n.11 (E.D. Mich. Sept. 30, 2010); 13D Charles Alan Wright et al., Federal Practice & Procedure § 3567.1 (4th ed. 2011). Thus, by joining their claims together in a single complaint, plaintiffs have *unavoidably* taken the position that their claims satisfy section 1367(a)'s supplemental jurisdiction standard. See Saglioccolo v. Eagle Ins. Co.,112 F.3d 226, 233 (6th Cir. 1997) (court had supplemental jurisdiction under 28 U.S.C. § 1367 because claim arose out of "same transaction or occurrence");

---

jurisdiction exists, this Court has supplemental jurisdiction over all of the state-law claims at issue – but the Southern District of New York does not.

Brooks v. Nat'l City Mortg., No. 3:09-cv-375, 2011 U.S. Dist. LEXIS 106526, at *5 (S.D. Ohio Aug. 31, 2011) (same).

Plaintiffs' supplemental jurisdiction argument is therefore nothing but a distraction with no legal significance to Morgan Stanley's transfer motion.[7] If plaintiffs were correct when they filed their complaint and properly joined all of the defendants in this case under Ohio Civil Procedure Rule 20(A), then supplemental jurisdiction must exist over all of their claims in any federal court, including in the Southern District of New York. And if plaintiffs' reversal is correct and there is no supplemental jurisdiction over the claims against IndyMac and Merrill Lynch, then plaintiffs misjoined those defendants, and they are not properly a part of this case. In that event, those defendants must be dismissed, e.g., Sutherland v. Mich. Dep't of Treasury, 344 F.3d 603, 612-13 (6th Cir. 2003), and the existence (or not) of supplemental jurisdiction over the claims

---

[7] Plaintiffs' position concerning a movant's burden in the transfer context is likewise meritless. Although plaintiffs suggest that Morgan Stanley must demonstrate "that transfer to the Southern District of New York is *necessary* to prevent *undue prejudice* to the Morgan Stanley Defendants" (Transfer Opp. at 2 (emphasis added)), that standard lacks any case-law support. In fact, numerous Sixth Circuit district courts have found section 1404(a) transfer appropriate "upon a lesser showing of inconvenience," see, e.g., Jamhour v. Scottsdale Ins. Co., 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002) – and the Sixth Circuit has affirmed a decision explicitly renouncing the old "strong showing" requirement referenced in Artisan Dev. v. Mountain States Dev. Corp., 401 F. Supp. 1312, 1314 (S.D. Ohio 1975). See Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc., 138 F.R.D. 89, 92 (N.D. Ohio 1991), *aff'd per curiam*, 22 F.3d 1104 (6th Cir. 1994); see also Esperson v. Trugreen Ltd. P'ship, No. 2:10-cv-02130, 2010 U.S. Dist. LEXIS 114500, at *6-13 (W.D. Tenn. Oct. 5, 2010) (noting split of authority among Sixth Circuit district courts, and employing lesser "preponderance of the evidence" standard based on an analysis of Supreme Court precedent and section 1404(a)); Armco, Inc. v. Reliance Nat'l Ins. Co., No. C-1-96-1149, 1997 U.S. Dist. LEXIS 7880, at *10 (S.D. Ohio May 30, 1997) (on balance, factors "need not be strongly in favor of the party seeking the transfer, but rather need only favor the party seeking the transfer").

against them can have no bearing on the Motion to Transfer. Either way, transfer is proper.[8]

### III. Transferring This Action to the Southern District of New York Is in the Interests of Justice

#### A. Judicial Economy Is Best Served by Transfer

Because this matter involves many of the *exact same* offerings, parties, and claims as those at issue in Pass-Through, the interests of justice strongly favor transfer. (See Transfer Mot. at 6-8.) Indeed, by transferring this action to the Southern District of New York, this Court would avoid precisely the sort of "wastefulness of time, energy, and money that § 1404(a) was designed to prevent." Ferens v. John Deere Co., 494 U.S. 516, 531 (1990); see also Nat'l Benefit Programs, Inc. v. Express Scripts, Inc., No. 2:09-cv-1156, 2010 U.S. Dist. LEXIS 48356, at *6 (S.D. Ohio May 17, 2010); Lassak v. Am. Def. Sys., Inc., No. 2:06-cv-1021, 2007 U.S. Dist. LEXIS 36547, at *5 (S.D. Ohio May 18, 2007).

Plaintiffs' argument that Western & Southern Life Insurance Co. v. Countrywide Financial Corp., No. 1:11-CV-00267, 2011 U.S. Dist. LEXIS 97062 (S.D. Ohio Aug. 30,

---

[8] Supplemental jurisdiction clearly extends to plaintiffs' state-law claims against Morgan Stanley concerning the IndyMac offerings. Those claims revolve around the same fact pattern as plaintiffs' other claims against Morgan Stanley, and substantially overlap with the other claims. (See Compl. ¶¶ 1-12, 42-43, 79-85, 124-134, 158-179.) The testimony underlying plaintiffs' state-law claims against Morgan Stanley related to the IndyMac offerings, further, will unavoidably involve many of exactly the same witnesses as the testimony concerning plaintiffs' other claims. (See Compl. ¶¶ 13-26, 80, 133-179.) In such circumstances, section 1367(a) is easily satisfied. See Blakely v. United States, 276 F.3d 853, 862 (6th Cir. 2002) (supplemental jurisdiction appropriate where "testimony underlying Plaintiffs' claims [against one Defendant] will undoubtedly involve factual overlap and many of the same witnesses as Plaintiffs' [federal] claims against . . . Defendants."); see also Campanella v. Commerce Exch. Bank, 137 F.3d 885, 892 (6th Cir. 1998) ("[I]f there is some basis for [a court to exert] original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims.").

8

2011), compels a different conclusion is groundless. In <u>Countrywide</u>, defendants obtained a dismissal of plaintiffs from a California class action; plaintiffs then filed a new case in Ohio, based on *different* securities offerings than were at issue in the California case. Defendants subsequently moved to transfer the action to California. <u>Id.</u> at \*6-10. The Court denied defendants' motion, ruling that the interests of justice were not served by allowing defendants to transfer an action back to the forum from which they had just obtained dismissal – particularly where the securities offerings at issue did not overlap with those in the California action. <u>Id.</u> at \*14-15.

These are *entirely* different facts. Whereas the California and Ohio actions in <u>Countrywide</u> involved different securities offerings and different plaintiffs, <u>Pass-Through</u> involves two of the same offerings and half of the plaintiffs here. As such, the interests of judicial economy and conservation of judicial resources weigh far more heavily in favor of transfer in this case.[9] <u>E.g.,</u> <u>Ltd. Serv. Corp. v. M/V APL Peru</u>, No. 2:09-cv-1025, 2010 U.S. Dist. LEXIS 53632, at \*14 (S.D. Ohio May 25, 2010) (avoiding duplicative litigation is "a weighty factor in the § 1404(a) calculus"); <u>ITS Fin., LLC v. Advent Fin. Servs., LLC</u>, No. 3:10-CV-0041, 2010 U.S. Dist. LEXIS 95025, at \*7 (S.D. Ohio Aug. 23, 2010) (same).[10] Plaintiffs, additionally, argue that their Securities Act claims are viable *only* because of <u>Pass-Through</u>. (<u>See</u> Remand Mot. at 8-9.)

---

[9] <u>Countrywide</u>, further, was "a close call, as Defendants made a strong case in favor of transfer." 2011 U.S. Dist. LEXIS 97062, at \*17.

[10] Plaintiffs additionally cite <u>Shanehchian v. Macy's, Inc.</u>, 251 F.R.D. 287, 292 (S.D. Ohio 2008) for the proposition that transfer is inappropriate where the parties can coordinate regarding pretrial discovery. (Transfer Opp. at 15 n.14.) In that case, however, there was far less overlap between the relevant related actions. 251 F.R.D. at 291. Given the identical offerings and claims at issue here and in <u>Pass-Through</u>, there would be far greater costs associated with duplicative discovery in this case – and a much more significant risk of conflicting discovery rulings. <u>See, e.g.,</u> <u>Donia v. Sears Holding</u>

9

Moreover, unlike in Countrywide, in this case no defendant has obtained a final dismissal of any plaintiff in the transferee court. Here, although Judge Swain dismissed the Pass-Through plaintiffs' claims based on the offerings at issue on August 17, 2010, she did so without prejudice and expressly with leave to amend, with the exception of one offering not at issue in this case. Pass-Through, 2010 U.S. Dist. LEXIS 84146, at *31-32. As a result, certain Pass-Through plaintiffs repled their claims based on the offerings also at issue in this case on September 10, 2010. Those claims were pending when plaintiffs filed their action on July 18, 2011 – and claims based on two of the offerings at issue remain pending in Pass-Through today.[11]

B.      Plaintiffs' Choice of Forum Is Entitled to Minimal Deference

Plaintiffs do not, and cannot, dispute that the allegations in their complaint relate to alleged conduct that largely took place outside Ohio. Because this alleged conduct primarily took place elsewhere, plaintiffs' choice of forum should be accorded only minimal deference.

In assessing how much weight to give to a plaintiff's choice of forum, courts look not to the parties' general contacts with that forum – as in the personal jurisdiction analysis – but to the relationship between the forum and the conduct alleged. See, e.g.,

_____

Corp., No. 1:07 CV 2627, 2008 U.S. Dist. LEXIS 43532, at *9 (N.D. Ohio May 30, 2008) (interests of justice and judicial economy favored transfer "because discovery and legal issues [would then] be litigated by the same court."). Moreover, because Shanehchian was an ERISA case, plaintiffs' choice of forum was entitled to a "heightened" level of deference to which plaintiffs here are not entitled. 251 F.R.D. at 292.

[11] On September 15, 2011, Judge Swain granted a motion to dismiss several of the Pass-Through plaintiffs' remaining Securities Act claims, with leave to replead. Pass-Through, 2011 U.S. Dist. LEXIS 104280. The Pass-Through plaintiffs repled those claims on September 30, 2011.

10

Inter-Nat'l Found. Corp. v. Disney 1999 Ltd. P'ship, No. 2:09-cv-983, 2010 U.S. Dist. LEXIS 138283, at *7 (S.D. Ohio Apr. 9, 2010); United States ex rel. Kairos Scientia, Inc. v. Zinsser Co., No. 5:10 CV 383, 2011 U.S. Dist. LEXIS 3867, at *6 (N.D. Ohio Jan. 14, 2011). Plaintiffs' discussion of Morgan Stanley's general business relationships with Ohio and their own "longstanding" commercial ties with Ohio, accordingly, is irrelevant. (See Transfer Opp. at 14.)

The relationship between the allegations in plaintiffs' complaint and the Southern District of Ohio, however, is relevant – and that relationship strongly suggests that plaintiffs' choice of forum should be given minimal deference. Plaintiffs' core allegations are that defendants made purported misrepresentations in the offering materials for mortgage-backed securities that defendants underwrote or sponsored.[12] (Compl. ¶ 5.) It cannot be disputed that these alleged misrepresentations were made almost entirely outside of Ohio, where no defendant is headquartered, and largely in New York, where a plaintiff and four of the five defendants have their principal places of business.[13] It likewise cannot be disputed that none of the seven securitizations identified in plaintiffs' complaint took place in the Southern District of Ohio. In fact, a majority of these securitizations took place in the Southern District of New York.

_____

[12] Because plaintiffs' complaint principally concerns alleged misrepresentations in offering documents – not the making of loans to Ohio residents – the fact that a small percentage of the mortgage loans in the offerings at issue may have been made to Ohio residents is of limited significance in the instant analysis.

[13] Plaintiff National Integrity Life Insurance Company – which made nearly a quarter of the purchases alleged in plaintiffs' complaint (with a combined face value of $37 million) – also has its principal place of business in the Southern District of New York. (See Compl. ¶¶ 17, 42.)

11

Plaintiffs disingenuously accuse defendants of forum shopping (Transfer Opp. at 1), when it is actually *plaintiffs* who seek to forum shop by filing a duplicative Ohio action involving the same claims and two of the same offerings as those underlying a pending federal class action in New York in which several of the plaintiffs here are putative class members. Plaintiffs' apparent belief that they will fare better in front of an Ohio State Court judge than they will in front of Judge Swain does not, however, justify making multiple courts adjudicate the same claims.[14]

In any event, because this case has been removed from plaintiffs' selected forum, plaintiffs' choice of forum is entitled to even less deference. See, e.g., Harris v. BNP Paribas, No. 2:09-cv-691, 2010 U.S. Dist. LEXIS 54104, at *9 (S.D. Ohio May 6, 2010); Jamhour, 211 F. Supp. 2d at 947. Tellingly, plaintiffs' argument to the contrary is belied by one of the cases on which they principally rely. See Arters v. Sandoz, Inc., No. 2:10-cv-00142, 2010 U.S. Dist. LEXIS 101197, at *13 (S.D. Ohio Sept. 27, 2010) ("[A] plaintiff's choice of forum . . . is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court.") (citation and internal quotation marks omitted). Plaintiffs' other cases concerning the appropriate level of deference to give a plaintiff's choice of forum are no more helpful. In none of those cases was a putative class action pending in the transferee forum involving identical claims, multiple identical securities offerings, and several plaintiffs as putative class members. (See Transfer Opp. at 12-13 nn.12-13.)

---

[14] Indeed, the Sixth Circuit has noted that "[m]any good purposes" are served when putative plaintiffs refrain from filing independent actions prior to class certification, including that "[t]he parties and courts will not be burdened by separate lawsuits which, in any event, may evaporate once a class has been certified." Wyser-Pratte Mgmt. Co. v. Telxon Corp., 413 F.3d 553, 569 (6th Cir. 2005).

C.    Public Interest Factors Favor Transfer to the Southern District of
      New York

Notwithstanding plaintiffs' contention that the Southern District of Ohio has a

greater interest in this action (Transfer Opp. at 19-20), the extremely close nexus between

the alleged conduct and the Southern District of New York strongly supports transfer.

Here, four of the five defendants – in addition to a plaintiff that made nearly a quarter of

the purchases at issue (see Compl. ¶¶ 17, 42) – have their principal places of business in

New York, as do nearly all of the third-party rating agencies, mortgage loan originators,

and monoline insurance companies that plaintiffs' complaint identifies. (Compl. ¶¶ 19-

21, 23, 100-103, 109, 161-165.) New York, significantly, is where the alleged conduct

largely took place. And all seven of the issuing trusts for the certificates at issue were

organized under New York law, while all of the pooling and service agreements for the

issuing trusts are governed by New York law. (Compl. ¶ 25.) On these facts, New York

has the substantially stronger local interest in adjudicating this dispute.[15]  See, e.g.,

Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co., No. 08-487, 2008 U.S. Dist.

LEXIS 99395, at *21-23 (S.D. Ohio Dec. 9, 2008) (transferee forum had the stronger

interest where, among other things, the transactions at issue took place there, and most, if

not all, nonparty witnesses were located there and beyond the subpoena power of a

Southern District of Ohio court); Donia, 2008 U.S. Dist. LEXIS 43532, at *9, 12-15

---

[15] The two Southern District of Ohio district court cases that plaintiffs cite for
their position that Ohio has the stronger local interest are distinguishable. (Transfer. Opp.
at 20.) Whereas the alleged misconduct in those cases bore a relationship to Ohio and
exclusively involved Ohio plaintiffs, in this case, the vast majority of the alleged
misconduct took place in New York and involved primarily New York-based defendants,
a New York-based plaintiff, and key New York-based third parties. Cf. Levy v. Cain,
Watters & Assocs., No. 09-cv-723, 2010 U.S. Dist. LEXIS 9537, at *29-30 (S.D. Ohio
Jan. 15, 2010); Pearle Vision, Inc. v. N.J. Eyes, Inc., No. 08-CV-190, 2009 U.S. Dist.
LEXIS 281, at *24-26 (S.D. Ohio Jan. 6, 2009).

13

(although facts underlying claim took place in both transferor and transferee forums, transfer appropriate where claim arose out of conduct alleged to have taken place at defendant's corporate headquarters).[16]

## IV. The Convenience of the Parties and the Witnesses Favors Transfer to the Southern District of New York

Finally, the convenience of the parties and witnesses strongly favors transfer. Plaintiffs' assertions to the contrary are meritless.

To begin, plaintiffs' assertion that a party seeking transfer in all cases "*must* offer proof including the identity of the witnesses that party intends to call and a description of the substance of their expected testimony" is unsupported. (Transfer Opp. at 18 (emphasis added).) Plaintiffs identify no case in which a party was required to identify a comprehensive witness list as a necessary precondition to transfer. Cf. Boyajyan v. Columbus Fin. Grp., Inc., No. 2:07-CV-798, 2007 U.S. Dist. LEXIS 91582, at *6-7 (S.D. Ohio Dec. 13, 2007) (considering the convenience-of-witnesses factor without considering the identities of potential witnesses or the substance of potential testimony); Zimmer Enters., Inc. v. Atlandia Imps., Inc., 478 F. Supp. 2d 983, 991-92 (S.D. Ohio 2007) (same).

Nevertheless, if this case survives the pleading stage, Morgan Stanley eventually will call witnesses to rebut plaintiffs' claims concerning the alleged misrepresentations at

---

[16] Plaintiffs' statement concerning docket congestion, moreover, is incorrect. Plaintiffs state that "a civil case in the Southern District of New York takes 33.4 months from filing to trial compared to 10.4 months in the Southern District of Ohio." (Transfer Opp. at 20.) In fact, based on the data set plaintiffs identify, the average time *to disposition* for a civil case in the Southern District of Ohio is 10.4 months, while the average time to disposition for a civil case in the Southern District of New York is just 8.1 months. See Federal Court Management Statistics, September 2010, District Courts, *available at* http://www.uscourts.gov/cgi-bin/cmsd2010Sep.pl.

14

issue. These witnesses will include individuals who were involved in the creation of the relevant offering documents, as well as others with information that rebuts plaintiffs' allegations concerning those documents. Because most of the securitizations at issue took place in the Southern District of New York, a substantial majority of these witnesses will be located in or around New York.[17] This fact strongly favors transfer. See Kay v. Nat'l City Mortg. Co., 494 F. Supp. 2d 845, 856 (S.D. Ohio 2004); Edmison v. Vision Inv. & Dev., LLC, No. 1:06 CV 1108, 2006 U.S. Dist. LEXIS 93083, at *16 (N.D. Ohio Dec. 26, 2006).

Furthermore, among Morgan Stanley's key witnesses will be a number of third parties, including ratings agencies, mortgage originators, and insurance providers, who have no interest in this litigation and cannot be compelled to testify at trial. See Fed. R. Civ. P. 45(b)(2). Because nearly all of these third parties have their principal places of business in the Southern District of New York, a substantial percentage of these witness will be located in that District.[18] This also strongly supports transfer. See Am. Signature,

---

[17] For example, the groups involved in Morgan Stanley's residential mortgage business were based primarily at its headquarters in New York City. Together with others, employees in these groups were responsible for managing, structuring, and selecting the collateral for securitizations, working on offering documents, dealing with other parties to securitizations (such as the New York-based credit rating agencies), purchasing mortgage loans, managing bulk loan purchases, maintaining and analyzing data relating to loans and securitizations, preparing materials for investors, and distributing offerings, among other things. Current or former employees in these groups who may potentially need to testify in this case include, for example, Vincent Bilms, Michael Dubeck, Lydia Foo, and Valerie Kay. Thus, in contrast to Countrywide, no speculation is required here to see that many of the most important witnesses in this case are based in New York, and not in Ohio. Cf. Countrywide, 2011 U.S. Dist. LEXIS 97062, at *16.

[18] For example, ratings agency representatives may be asked to testify regarding plaintiffs' allegations that Morgan Stanley "stonewalled the ratings agencies" and "pressured the ratings agencies not to apply more conservative standards to previously issued securities." (Compl. ¶ 163.) Representatives of the various mortgage originators

15

Inc. v. Moody's Investors Servs., Inc., No. 2:09-cv-878, 2010 U.S. Dist. LEXIS 68042, at

*9-10 (S.D. Ohio July 2, 2010) (fact that nonparty witnesses with knowledge about

ratings for certain securities were located in New York weighed in favor of transfer);

Zimmer, 478 F. Supp. 2d at 992 (fact that a key nonemployee witness was unavailable for

process outweighed other considerations of convenience and cost).[19]

### CONCLUSION

For the reasons set forth above, Morgan Stanley respectfully requests that this

Court transfer this action to the Southern District of New York pursuant to 28 U.S.C.

§ 1404(a).

/s Christopher D. Cathey
Christopher D. Cathey (0071231), Trial Attorney
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5026 direct dial
(513) 698-5027 direct facsimile
ccathey@ulmer.com

*Counsel for Morgan Stanley Mortgage
Capital Inc., Morgan Stanley Capital I Inc.,
and Morgan Stanley & Co. Incorporated*

---

may be asked to testify as to whether they made "conscious decision[s] to promote increasingly lax underwriting standards" or "could not exercise any degree of realistic control" over the brokers that underwrote their loans. (Compl. ¶¶ 110, 116.) And monoline insurance company representatives may be asked to testify regarding plaintiffs' allegations that Morgan Stanley departed from its underwriting standards. (Compl. ¶¶ 102-03.) Nearly all of these third parties have their primary places of business in the Southern District of New York.

[19] Plaintiffs' suggestion that the deposition testimony of the numerous key witnesses who reside beyond the subpoena power of this Court could simply be substituted for live testimony at trial ignores the obvious: "trial by video tape simply is not preferable to live examination in front of a jury." Kay, 494 F. Supp. 2d at 853; see also Vaughn v. Indiana & Ohio Ry. Co., No. 3:07-CV-3635, 2008 U.S. Dist. LEXIS 36158, at *3-4 (N.D. Ohio April 14, 2008) ("[V]ideo is not a fully complete substitute for live testimony.").

*Of Counsel:*

Michael N. Ungar (0016989)
ULMER & BERNE LLP
1660 West Second Street
Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7002 direct dial
mungar@ulmer.com

Pamela K. Ginsburg (0071805)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 698-5020
pginsburg@ulmer.com

James P. Rouhandeh
Daniel J. Schwartz
Andrew D. Schlichter
*admitted pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 701-5581
rouhandeh@davispolk.com
daniel.schwartz@davispolk.com
andrew.schlichter@davispolk.com

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing has been filed via the Court's electronic filing on October 6, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s Christopher D. Cathey