IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| | : | |
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, et al., | : | Case No. 1:11-CV-576 |
| | : | |
| Plaintiffs, | : | Judge Arthur Spiegel |
| v. | : | |
| | : | ORAL ARGUMENT SET FOR |
| MORGAN STANLEY MORTGAGE CAPITAL INC., et al., | : | 2:00 P.M. NOVEMBER 10, 2011 |
| | : | |
| Defendants. | : | |
| | : | |

---

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REMAND

---

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ......................................................................................................... 3

    I.     Section 22(a) Mandates Remand .......................................................... 3

          A.    Western & Southern's Claims Are Timely ................................. 5

    II. Morgan Stanley Failed to Establish  "Related To" Bankruptcy Jurisdiction ............... 6

          A.    Defendants' Failure to File Proofs of Claim Is Fatal to "Related to" Jurisdiction ................................................................. 6

          B.    The Relationship to AHM's Bankruptcy Is Too Tenuous to Establish Jurisdiction ................................................................. 8

    III.   This Court Should Abstain from Exercising Jurisdiction ....................................... 9

          A.    Any Connection to AHM's Bankruptcy Case Is Extremely Tenuous ...... 10

          B.    State Law Claims Predominate ................................................. 11

          C.    This Court Would Need to Sever Claims For Which It Lacks Supplemental Jurisdiction, Thereby Undermining Judicial Economy ..... 12

CONCLUSION ..................................................................................................... 15

## TABLE OF AUTHORITIES

**CASE**                                                      **TAB**

*Accord First Nat'l Bank of Pulaski v. Curry*,
301 F.3d 456 (6th Cir. 2002) ........................................................3

*Ahearn v. Charter Twp.*,
100 F.3d 451 (6th Cir. 1996) ........................................................3

*Allstate v. Countrywide*,
2:11-cv-05236 (C.D. Cal) ..............................................................6

*Allstate v. Morgan Stanley, Morgan Stanley & Co. Inc., Morgan Stanley ABS Capital I Inc.,*
*Morgan Stanley Mortgage Capital, Inc., Morgan Stanley Mortgage Capital Holdings LLC,*
651840/2011, (Sup. Ct. N.Y.) ........................................................6

*Allstate Ins. Co. v. Ace Secs. Corp.*,
No. 11-1914, 2011 U.S. Dist. LEXIS 91989 (S.D.N.Y. Aug. 16, 2011) ........................10

*American Pipe Construction Co. v. Utah*,
414 U.S. 538 (1974) .................................................................5, 6

*Ballard v. Ill. Cent. R.R. Co.*,
338 F.Supp.2d 712 (S.D. Miss. 2004) ................................................12

*Bower v. Am. Cas. Co.*,
2001 U.S. App. LEXIS 18053 (6th Cir. Aug. 6, 2001) ................................3-4

*Brierly v. Alusuisse Flexible Packaging, Inc.*,
184 F.3d 527 (6th Cir. 1999) ........................................................3

*California Public Employees' Retirement System v. Worldcom*,
368 F.2d 86 (2d Cir. 2004) ..........................................................4, 5

*Cambridge Place Investment Management, Inc. v. Morgan Stanley & Co.*,
1:10-cv-11376 (D. Mass.) ............................................................6

*Cardinal Indus., Inc. v. Suitt Constr. Co., Inc.*,
142 B.R. 807 (Bankr. S.D. Ohio 1992) ..............................................10

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343, 349 (1988) ............................................................13

*Caruana v. Marcum*,
No. 01-CV-1567, 2011 U.S. Dist. LEXIS 79890 (M.D. Tenn. July 21, 2011) ................13

*Charles Schwab Corp. v. BNP Paribas Sec.*,
    2011 U.S. Dist. LEXIS 22322 (N.D. Cal. Feb. 23, 2011) ................................................11

*City of Birmingham Ret. & Relief Fund*,
    2003 U.S. Dist. LEXIS 14066 (N.D. Ala. Aug. 12, 2003) ...................................................5

*Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*,
    760 F. Supp. 2d 807 (N.D. Ill. Jan. 18, 2011) ...................................................................11

*Fed. Home Loan Bank of Chicago v. Banc of Am. Securities LLC*,
    448 B.R. 517 (C.D. Cal. 2011) ...........................................................................................9

*Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec., Inc.*,
    No. 10 Civ. 1463-WTL-DML, No. 10-1463, 2011 U.S. Dist. LEXIS 56216,
    2011 WL 2133539 (S.D. Ind. May 25, 2011) ..................................................................8-9

*Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*,
    No. C10-0139 RSM, 2010 U.S. Dist. LEXIS 102391 (W.D. Wash. Sept. 1, 2010).........10

*Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*,
    736 F. Supp. 2d 1283 (W.D. Wash. 2010).......................................................................11

*Federal Housing Finance Agency v. Morgan Stanley*,
    11-cv-6739 (S.D.N.Y).........................................................................................................6

*Fielder v. Credit Acceptance Corp.*,
    188 F.3d 1031, 1039 (8th Cir. 1999) ...............................................................................13

*Ill. Mun. Ret. Fund*,
    2003 U.S. Dist. LEXIS 16255 (S.D. Ill. Sept. 9, 2003) ......................................................5

*In re Baumgartner*,
    57 B.R. 517 (Bankr. N.D. Ohio 1986) ...........................................................................9-10

*In re Dow Corning Corp.*,
    86 F.3d 482 (6th Cir. 1996) .....................................................................................7, 9, 11

*In re Morgan Stanley Mortgage Pass-Through Certification Litigation*,
    No. 09-Civ-2137, 2010 U.S. Dist LEXIS 84146 (S.D.N.Y. Aug. 17, 2011)..................5, 6

*In re Nat'l Century Fin. Enterp.*,
    323 F. Supp. 2d 861 (S.D. Ohio 2004) ..............................................................................9

*In re Salem Mills, Inc.*,
    148 B.R. 505 (Bankr. N.D. Ill. 1992) .................................................................................7

*In re Salem Mortgage Co.*,
    783 F.2d 626 (6th Cir. 1986) ...................................................................6

*In re Transue & Williams Stamping Co.*,
    1994 Bankr. LEXIS 1066 (Bankr. N.D. Ohio July 6, 1994) ...............................7

*In re TWA*,
    278 B.R. 42 (Bankr. D. Del. 2002) ...............................................................11

*In re Varat Enters., Inc.*,
    81 F.3d 1310 (4th Cir. 1996) .....................................................................8

*In re Wachovia Equity Sec. Litig.*,
    No. 08-cv-6171, 2011  U.S. Dist. LEXIS 36129 (S.D.N.Y. Mar. 31, 2011).....................6

*In re Wolverine Radio Company*,
    930 F.2d 1132 (6th Cir. 1991) ...................................................................9

*Long v. Bando Mfg. of Am., Inc.*,
    201 F.3d 754 (6th Cir. 2000) .....................................................................3

*Mann v. Waste Mgmt. of Ohio, Inc.*,
    253 B.R. 211 (N.D. Ohio 2000)...............................................................10, 11

*MBIA Ins. Corp. v. Indymac ABS, Inc.*,
    No. 09-07737, 2009 U.S. Dist. LEXIS 126567 (C.D. Cal. Dec. 23, 2009) ......................8

*Miccosukee Tribe of Indians of Fla. v. United States Army Corps of Eng'rs*,
    9 F.3d 1289 (11th Cir. 2010) .....................................................................4

*Muzzin v. Gale's Superior Supermarket, Inc.*,
    1982 U.S. Dist. LEXIS 10802 (N.D. Ohio Jan 29, 1982)..................................12

*Norwood v. Bank of America*,
    2010 U.S. Dist. LEXIS 37921 (E.D. Tenn. Apr. 16, 2010)................................9

*Omega Tool Corp. v. Alix Partners*, LLP,
    416 B.R. 315 (Bankr. E.D. Mich. 2009) .....................................................9

*Patel v. Quality Inn S.*,
    846 F.2d 700 (11th Cir. 2001) ...................................................................4

*Power v. Williams*,
    No. 09-CV-594, 2010 U.S. Dist. LEXIS 59543 (M.D. Fla. Mar. 17, 2010) ..............13, 14

*Robinson v. Michigan Consol. Gas. Co., Inc.*,
918 F.2d 579 (6th Cir. 1990) ...........................................................................................6, 8

*Shamrock Oil & Gas Corp. v. Sheets*,
313 U.S. 100 (1941)..............................................................................................................3

*Shanehchian v. Macy's, Inc.*,
251 F.R.D. 287 (S.D. Ohio 2008) ...................................................................................12

*Soliday v. Miami County*,
55 F.3d 1158 (6th Cir. 1995) .........................................................................................13

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
447 B.R. 302 (C.D. Cal. 2010) .........................................................................................9

*Taylor Group v. ANR Storage Co.*,
24 Fed. Appx. 319 (6th Cir. 2001)..................................................................................6

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*,
No. 3:03-0128, 2004 U.S. Dist. LEXIS 24043 (M.D. Tenn. Oct. 8, 2004)...................4. 5

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*,
Nos. 03-5785/5786, 2003 U.S. App. LEXIS 27926 (6th Cir. Nov. 4, 2003) ....................5

*Tug Allie-B, Inc. v. United States*,
273 F.3d ...............................................................................................................................4

*Vaccariello v. Smith & Nephew Richards, Inc.*,
94 Ohio St. 3d 380 (2002) ............................................................................................5, 6

*Watson v. Zigila*,
No. 10-12319, 2010 U.S. Dist. LEXIS 94761 (E.D. Mich. Sept. 13, 2010).....................11

*Wyser-Pratte Management Co. v. Telxon Corp.*,
413 F.3d 553 (6th Cir. 2005) .............................................................................................6

**STATUTES**                                                    **TAB**

11 U.S.C. § 1141(a)-(d) ...................................................................................8, 12
15 U.S.C. § 77v ..................................................................................................4

28 U.S.C. § 1334 .................................................................................................1
28 U.S.C. § 1334(c) ......................................................................................9, 10
28 U.S.C. § 1447 .................................................................................................1
28 U.S.C. § 1447(c) ...................................................................................1, 3, 14
28 U.S.C. § 1452(a) ................................................................................ *passim.*

Bankruptcy Rule 3003(c)(2) ........................................................................... 7-8

The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc. (collectively, "Western & Southern") respectfully submit this memorandum of law in further support of their motion to remand this action back to the Court of Common Pleas, Hamilton County pursuant to 28 U.S.C. §§ 1447 and 1334 and for an award of attorney fees pursuant to 28 U.S.C. § 1447(c).

## PRELIMINARY STATEMENT

Morgan Stanley[1] concedes in its Opposition Brief[2] that the only proof of claim that it contends could conceivably indemnify it for a portion of the liabilities it faces in this action is the subject of a settlement agreement and, as a result, is no longer valid.  Defendants attached this proof of claim to their Notice of Removal without disclosing that the claim had been resolved long ago.  Defendants seek to use this invalid proof of claim as a means of depriving Plaintiffs of their chosen forum and as a passport back to their home jurisdiction of New York via their pending transfer motion.  As a threshold matter, however, Defendants have the burden of establishing that removal was proper.  Defendants have not met this burden.

*First*, Section 22(a) of the Securities Act of 1933 (the "Securities Act") expressly requires that this case be remanded to Ohio State court.  Morgan Stanley's argument that the relevant bankruptcy removal provision, 28 U.S.C. § 1452(a) (adopted by Congress in 1984), is the more recently enacted statute and should therefore trump Section 22(a) is wrong.   Section 22(a) was amended by Congress in 1998, fourteen years after the removal provisions of Section 1452(a) relied on by Defendants, to limit the mandatory remand of certain actions brought under the

---

[1] Morgan Stanley & Co. Incorporated, Morgan Stanley Mortgage Capital Inc. and Morgan Stanley Capital I Inc. are collectively referred to as "Morgan Stanley" or the "Defendants."

[2] References to "Opposition Brief" or "Opp. Br." are to Morgan Stanley's Opposition to Plaintiffs' Motion to Remand, dated September 19, 2011, Docket Entry No. 29.

Securities Act.  Congress, however, did not remove, limit or create any exceptions to the mandatory remand language of Section 22(a) for "related-to" bankruptcy jurisdiction.  Due to its 1998 amendment, Section 22(a) is the later enacted statute when compared to Section 1452(a).  Indeed, because of this and the clear language of Section 22(a), the only court within the Sixth Circuit to have considered the issue has concluded that Section 22(a) must be read in accordance with its plain meaning, and any action asserting claims under the Securities Act must be remanded unless it is subject to one of the narrow exceptions referenced in Section 22(a), none of which apply here.

*Second,* there is no bankruptcy jurisdiction over the present case.  Morgan Stanley claims federal bankruptcy jurisdiction based upon the bankruptcy of a single third party, American Home Mortgage Corporation ("AHM"), which had its bankruptcy plan confirmed more than two years ago (in February 2009), has only an attenuated connection to the claims made against the Defendants in this case and, on the record before this Court, is connected to the Defendants through only a single invalid proof of claim (Proof of Claim 9032) and certain agreements that may entitle the Defendants to indemnification from AHM.[3]  Such a tenuous connection cannot form the basis of "related to" bankruptcy jurisdiction.

*Third*, even if the attenuated connection to the AHM bankruptcy were sufficient to confer jurisdiction, it is respectfully submitted that this Court should nevertheless abstain from taking such jurisdiction under principles of permissible abstention or equitable remand.  Abstention is appropriate here because, *inter alia*, (i) any connection to the AHM bankruptcy case is extremely remote; (ii) state law claims predominate; and (iii) principles of judicial economy favor remand.  Indeed, the removal by Morgan Stanley on the thinnest of grounds immediately followed by a

---

[3] *See* Notice of Removal ("NOR") (Docket Entry No. 1) ¶¶ 12-13; Rouhandeh Aff. (Docket Entry No. 30) at Exs. A-C.

motion to transfer this case to Morgan Stanley's home jurisdiction of New York strongly suggests forum shopping.

In a well-established pattern for issuers of mortgage-backed securities ("MBS") defendants sued by Western & Southern, Morgan Stanley seeks to avoid answering for its conduct in the state or federal courts of Ohio.  Morgan Stanley should not be allowed to achieve this end by contorting the federal removal statutes.  Accordingly, Western & Southern respectfully requests that this action be remanded to the Court of Common Pleas for Hamilton County – where it belongs – and that this Court enter an order requiring the Defendants to pay Plaintiffs' attorneys' fees and expenses incurred in opposing removal pursuant to 28 U.S.C. § 1447(c).

## ARGUMENT

The Sixth Circuit has repeatedly cautioned that "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *accord First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("the removal statutes are to be narrowly construed"); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  There is a strong presumption against removal and any doubts concerning removal should be decided in favor of remand back to state court.  *See Bower v. Am. Cas. Co.*, 2001 U.S. App. LEXIS 18053, at *12-13 (6th Cir. Aug. 6, 2001).  Morgan Stanley has failed to rebut that presumption.

## I.    SECTION 22(a) MANDATES REMAND

Western & Southern filed this case in Ohio State court, and Section 22(a) of the Securities Act requires that the case be returned there.  Section 22(a) unequivocally provides that

"no case arising under [the Securities Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v.

In an attempt to evade the clear language of the statute, Morgan Stanley asserts that the bankruptcy removal statute (28 U.S.C. § 1452(a)) was enacted after Section 22(a).  But this ignores that Congress amended Section 22(a) in 1998 (long after the removal statute was enacted in 1984) through the enactment of the Securities Litigation Uniform Standards Act ("SLUSA").  This amendment provided certain limited exceptions to the remand requirement under Section 22(a).  However, Congress did not provide any exception applicable to actions removed pursuant to 28 U.S.C. § 1452(a).  Thus, Section 22(a) is the later enacted statute.  *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, No. 3:03-0128, 2004 U.S. Dist. LEXIS 24043, at *17-18 (M.D. Tenn. Oct. 8, 2004).

Morgan Stanley relies on a single decision, *California Public Employees' Retirement System v. Worldcom*, 368 F.2d 86 (2d Cir. 2004), in an attempt to circumvent remand under Section 22(a).  As Western & Southern made clear in its initial brief, the more persuasive authority is *Tennessee Consolidated Retirement System v. Citigroup, Inc.*, which specifically considered and rejected the decision of the court in *California Public Employees' Retirement System*.  *See* 2004 U.S. Dist. LEXIS 24043, at *5.[4]

The *Tennessee Consolidated* court reasoned that, because a more specific statute should be enforced over a more general one, and because Section 22(a) applies to "a particular and well defined group of Plaintiffs that Congress consciously selected after a study of state and federal securities class actions," Section 22(a) should control over bankruptcy removal under 1452(a).

---

[4] Although *Tennessee Consolidated* was appealed to the Sixth Circuit, the Sixth Circuit held that orders remanding actions to state court are not reviewable and thus did not rule on this issue.  *See Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, Nos. 03-5785/5786, 2003 U.S. App. LEXIS 27926 (6th Cir. Nov. 4, 2003).

*Id.* at \*13.  In addition, contrary to Defendants' claim, Section 22(a) is the later-enacted statute. *Id.* at \*17 ("Accordingly, the Court considers the 1998 SLUSA amendments to Section 22(a) as the later-enacted modifier of Section 1452.").  *Id.* at \*18 (citation and internal quotation marks omitted).[5]

### A.     Western & Southern's Claims Are Timely

Morgan Stanley claims in its Opposition Brief and Notice of Removal that Western & Southern's claims are untimely.  Opp. Br. at 5-7; Notice of Removal ¶ 8, n.3.  Morgan Stanley is incorrect; tolling under both *American Pipe* and *Vaccariello* applies here.  *See American Pipe Construction Co. v. Utah*, 414 U.S. 538, 554 (1974); *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St. 3d 380, 382-383 (Ohio 2002).  Indeed, after Western & Southern's Opening Brief, the court in *In re Morgan Stanley Pass-Through Certificates Security Litigation*, (the "*Morgan Stanley Pass-Through Litigation*") held that *American Pipe* applies to both relevant statutes of limitation and repose and with respect to the same securitizations that are the subject of this case.  *In re Morgan Stanley Mortgage Pass-Through Certificates Litigation*, No. 09-Civ-2137, 2011 U.S. Dist. LEXIS 104280, at \*41-57 (S.D.N.Y. Sept. 15, 2001).[6]  Moreover, Morgan Stanley has no answer to Western & Southern's argument that any statute of limitations defense is a fact issues that cannot be resolved on the current record before the Court or on a motion to remand.  *See, e.g.*, *Stratton v. Wommack,* 230 Fed. Appx. 491, 498 (6th Cir. 2007) ("[W]hether a

---

[5] Other courts have adopted the reasoning of *Tennessee Consolidated*.  *See, e.g., Ill. Mun. Ret. Fund*, 2003 U.S. Dist. LEXIS 16255, at \*6; *City of Birmingham Ret. & Relief Fund*, 2003 U.S. Dist. LEXIS 14066, at \*8-9.

[6] Morgan Stanley's reliance on *Wyser-Pratte Management Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005) is misplaced.  Western & Southern filed the current action after the plaintiffs in *In re Morgan Stanley Mortgage Pass-Through Certification Litigation*, No. 09-Civ-2137, 2010 U.S. Dist LEXIS 84146 (S.D.N.Y. Aug. 17, 2010) were held to lack standing because they did not hold the same Certificates and Western & Southern.  A dismissal for lack of standing operates just as a dismissal for denial of class certification for *American Pipe* purposes.  *See, e.g., In re Wachovia Equity Sec. Litig.*, No. 08-cv-6171, 2011 U.S. Dist. LEXIS 36129, at \*29 (S.D.N.Y. Mar. 31, 2011) ("the failure to apply *American Pipe* tolling to [plaintiffs' claims] would undermine the policies of 'efficiency and economy of litigation' that underlie Rule 23").

claim is barred by a statute of limitations is a factually intensive claim that this court is ill-equipped to consider in the first instance.").[7]

## II.    MORGAN STANLEY FAILED TO ESTABLISH "RELATED TO" BANKRUPTCY JURISDICTION

In the Sixth Circuit, "related to" jurisdiction exists only where the cause of action asserted "could conceivably have any effect on the estate being administered in bankruptcy." *Robinson v. Michigan Consol. Gas. Co.*, Inc., 918 F.2d 579, 583 (6th Cir. 1990) (citation omitted). While the Sixth Circuit has adopted a broad standard for bankruptcy "related to" jurisdiction, it has done so with the caveat that "'situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement.'" *Id.* (quoting *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986)). This is just such a case.

### A.    Defendants' Failure to File Proofs of Claim Is Fatal to "Related To" Jurisdiction

Morgan Stanley bases its "related to" bankruptcy jurisdiction argument solely upon its purported right to indemnification from AHM, an originator of some of the mortgage loans underlying two of the four Morgan Stanley MBS offerings at issue in this action (MSM 2006-11 and 2006-17XS). While its Notice of Removal attached Proof of Claim 9032 to support its claim of "related to" jurisdiction, Morgan Stanley now concedes that this proof of claim was extinguished in a settlement agreement with AHM and is no longer valid. Opp. Br. at 2, 8. Not to be undone by this error, Morgan Stanley falls back on the argument that there is still "related to" jurisdiction because they ***could*** seek leave of the AHM bankruptcy court to file a late proof

---

[7] Morgan Stanley mentions in passing that "many other mortgage-backed securities complaints [] have already been dismissed." Opp. Br. at 2-3. Many more, however, have not been, including a number of suits against Morgan Stanley. *See, e.g., Allstate v. Morgan Stanley, Morgan Stanley & Co. Inc., Morgan Stanley ABS Capital I Inc., Morgan Stanley Mortgage Capital, Inc., Morgan Stanley Mortgage Capital Holdings LLC*, 651840/2011, (Sup. Ct. N.Y.); *In re Morgan Stanley Pass-Through Certificates Litigation*, 09-cv-2137 (S.D.N.Y.); *Cambridge Place Investment Management, Inc. v. Morgan Stanley & Co*., 1:10-cv-11376 (D. Mass.); *Federal Housing Finance Agency v. Morgan Stanley*, 11-cv-6739 (S.D.N.Y); *Allstate v. Countrywide*, 2:11-cv-05236 (C.D. Cal).

6

of claim on other purported indemnifications.  It is now, however, three and a half years *after* the AHM claims deadline has passed and more than two years after confirmation of AHM's plan of liquidation.  Opp. Br. at 7-12.  Notably, Morgan Stanley does not represent to the Court that it intends to file a motion for leave to file a late proof of claim and does not suggest on what grounds it could justify such a motion.

In any event, Courts routinely decline to find bankruptcy "related to" jurisdiction where purported claims against a debtor's estate have yet to be asserted and the time for filing a proof of claim has expired.  *See In re Transue & Williams Stamping Co.*, No. 93-60269, 1994 Bankr. LEXIS 1066, at *17-19 (Bankr. N.D. Ohio July 6, 1994) (finding no effect on bankruptcy estate where parties seeking removal had not filed claims prior to the bar date); *In re Salem Mills, Inc.*, 148 B.R. 505 (Bankr. N.D. Ill. 1992) (same).  At a minimum, the proponent of "related to" jurisdiction based on indemnity claims against a bankruptcy estate must represent that it actually intends to file such a claim.  *See In re Dow Corning Corp.*, 86 F.3d 482, 493-94 (6th Cir. 1996) (finding related to jurisdiction, but noting that all parties had either filed or represented to the court that they would file indemnification claims).  Here, Morgan Stanley has neither filed nor represented that it will file any new proofs of claim.

Given that the bar date for filing of proofs of claim has passed, and that a plan of liquidation has been confirmed, the bankruptcy court would almost certainly not permit a financial institution as large and as legally sophisticated as Morgan Stanley to file new indemnification claims.  Federal Rule of Bankruptcy Procedure 3003(c)(2) provides that creditors must file their proofs of claim "within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor" and courts regularly apply this rule to deny claims filed after the bar date.

Confirmation of AHM's plan also precludes Morgan Stanley from obtaining relief with respect to its purported indemnity claims.  The Bankruptcy Code specifically provides that a confirmed plan binds all creditors, assures that property dealt with by the plan is free of all claims and discharges the debtor from any debts arising before confirmation whether or not a proof of claim has been filed.  *See* 11 U.S.C. § 1141(a)-(d).  An order confirming a chapter 11 plan also has *res judicata* effect that precludes a party from raising claims or issues that could have or should have been raised before confirmation.  *See, e.g., In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).  In short, any claim that Morgan Stanley could possibly assert against the AHM estate has been discharged as a matter of law.

### B.   The Relationship to AHM's Bankruptcy Is Too Tenuous to Establish Jurisdiction

Morgan Stanley has the burden of showing that the connection between its unfiled, purported indemnification claims and the AHM bankruptcy estate is not too "tenuous" to support "related to" jurisdiction.  *See Robinson*, 918 F.2d at 584 ("situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement").  In MBS cases courts have found that a connection with the bankruptcy of a mortgage originator based on potential indemnification claims is too attenuated for the exercise of "related to" jurisdiction.  *See MBIA Ins. Corp. v. Indymac ABS, Inc*., No. 09-07737, 2009 U.S. Dist. LEXIS 126567, at *5-6 (C.D. Cal. Dec. 23, 2009) ("The speculative connection between [Plaintiff's] California state-law claims and the hypothetical claims by the Individual Defendants in the Indymac Bancorp bankruptcy proceeding is too attenuated to support 'related to' jurisdiction."); *see also Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec., Inc*., No. 10 Civ. 1463-WTL-DML, No. 10-1463, 2011 U.S. Dist. LEXIS 56216, at *17 (S.D. Ind. May 25, 2011) (finding no related to jurisdiction and noting "[w]hile the . . . Defendants have demonstrated that

8

it is theoretically possible that this case could eventually have some impact on the . . . the AHM bankruptc[y], they have not demonstrated any more than that").

According to Morgan Stanley, "related to" jurisdiction nevertheless exists because Morgan Stanley's potential claims have accrued to the extent of its litigation costs to date. Opp. Br. at 10-12. But the fact that Morgan Stanley's indemnification rights may be in themselves valid has nothing to do with the fact that they can no longer be asserted against AHM given the confirmed plan and the three-and-a-half-year old bar date. *See* Point II.A., above. [8]

## III.   THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION

Even if Morgan Stanley were able to establish "related to" jurisdiction and the Court does not remand under Section 22(a) (*see* Point I, above), it is respectfully submitted that the Court should abstain from asserting jurisdiction under principles of discretionary abstention or equitable remand. Section 1334(c)(1) provides in relevant part that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1); *see also In re Baumgartner*, 57 B.R. 517, 519, 521 (Bankr. N.D. Ohio 1986). Courts weigh a number of factors when considering whether to abstain under Section 1334(c)(1) including:

---

[8] The cases cited in the Opposition Brief at pages 9 through 13 are inapposite. *See In re Wolverine Radio Co.*, 930 F.2d 1132, 1143 (6th Cir. 1991) (plaintiff had obtained creditor status); *Omega Tool Corp. v. Alix Partners, LLP*, 416 B.R. 315, 320 (Bankr. E.D. Mich. 2009) (plaintiff had asserted $10.5 million claim against bankruptcy estate); *Norwood v. Bank of Am.*, 2010 U.S. Dist. LEXIS 37921, at *16 (E.D. Tenn. Apr. 16, 2010) (defendants had filed adversary proceeding seeking recovery for same funds as in dispute in case); *In re Nat'l Century Fin. Enterp.*, 323 F. Supp. 2d 861, 869 (S.D. Ohio 2004) (defendants filed proofs of claim in the bankruptcy proceedings); *In re Dow Corning*, 86 F.3d 482, 490 (6th Cir. 1996) (defendants had not yet filed contribution or indemnification claims but certain unresolved, contingent claims likely give rise to thousands of claims for indemnification and contribution).

Similarly, neither *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 309-11 (C.D. Cal. 2010) nor *Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC*, 448 B.R. 517 (C.D. Cal. 2011) support Morgan Stanley's argument since proofs of claim actually had been filed in both of those cases.

> 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted 'core' proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of this court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and 13) any unusual or other significant factors.

*Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 214 (N.D. Ohio 2000). The balance of these factors weighs heavily in favor of permissive abstention.

### A. Any Connection to AHM's Bankruptcy Case is Extremely Tenuous

Permissive or "equitable" abstention is particularly appropriate "where the connection to the debtor's main bankruptcy case is quite remote." *Cardinal Indus., Inc. v. Suitt Constr. Co., Inc.*, 142 B.R. 807, 810 (Bankr. S.D. Ohio 1992). As discussed in Point II above, any arguable connection between this case and the AHM bankruptcy is extremely tenuous. Indeed, many courts considering similar legal arguments in mortgage-backed securities cases have declined to exercise "related to" jurisdiction because of the remote connection to the loan originators' bankruptcy cases. *See, e.g., Allstate Ins. Co. v. Ace Secs. Corp*., No. 11-1914, 2011 U.S. Dist. LEXIS 91989 (S.D.N.Y. Aug. 16, 2011) (abstaining despite defendant's assertions that it had indemnification rights in loan originator's bankruptcy); *Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No. C10-0139 RSM, 2010 U.S. Dist. LEXIS 102391, at *16, 20-21 (W.D. Wash. Sept. 1, 2010) (abstaining despite defendants' potential indemnification rights against mortgage lenders); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*, 736 F. Supp. 2d 1283, 1290 (W.D. Wash. 2010) (same); *Charles Schwab Corp. v. BNP Paribas Sec.*, 2011

10

U.S. Dist. LEXIS 22322, at *13-14 (N.D. Cal. Feb. 23, 2011) (same); *Fed. Home Loan Bank of Chicago v. Banc of Am. Funding Corp.*, 760 F. Supp. 2d 807, 810 (N.D. Ill. Jan. 18, 2011) (that loans were originated by a lender now in bankruptcy "cannot serve as a very small jurisdictional tail that can wag the very large jurisdictional dog of this lawsuit as a whole").

B.        **State Law Claims Predominate**

Where – as here – state law claims predominate and federal jurisdiction is purportedly based on a potential indemnification right against a third party debtor, permissive abstention is appropriate. *See, e.g., Watson v. Zigila*, No. 10-12319, 2010 U.S. Dist. LEXIS 94761, *15-16 (E.D. Mich. Sept. 13, 2010); *Mann*, 253 B.R. at 215 ("[F]ederal courts should not be hesitant to decline to exercise jurisdiction when 'state issues substantially predominate.'" (quoting *In re White Motor Credit*, 761 F.2d 270, 274 (6th Cir. 1985)). *See also In re TWA*, 278 B.R. 42, 53 (Bankr. D. Del. 2002) (allowing issues to be decided by state court would not prejudice where action did not implicate substantive rights or administration of bankruptcy estate).[9]

---

[9] As Western & Southern argued in its opening brief, to the extent that this Court determines the Section 11 claims are untimely, the Court should remand the case under the doctrine of mandatory abstention. *See* 28 U.S.C. § 1334(c)(2); *In re Dow Corning Corp.*, 86 F.3d 482, 497 (6th Cir. 1996). Defendants' statement that "plaintiffs do not argue that there is any basis for mandatory abstention" is incorrect. Opp. Br. at 13 n.12.

### C.      Forum Shopping

The fact that Morgan Stanley is engaged in forum shopping weighs heavily in favor of permissive abstention. *Mann*, 253 B.R. at 215 (permissive abstention appropriate where connection to bankruptcy case is limited, and removing party appears to be forum shopping). Given the Morgan Stanley Transfer Motion pending before this Court, Morgan Stanley's plain strategy is to move this case out of Ohio entirely. Defendants cannot use a tenuous relationship with the AHM bankruptcy as a means of litigating in their chosen forum.

Moreover, contrary to Defendants' assertion that "a plaintiff's choice of forum has no bearing on the question of whether remand or abstention is appropriate," (Opp. Br. at 15), even where a court has *original* jurisdiction, a plaintiff's decision to file in state court provides a basis for remand. *See Muzzin v. Gale's Superior Supermarket, Inc.*, 1982 U.S. Dist. LEXIS 10802 at *2 (N.D. Ohio Jan 29, 1982) (remanding suit even though federal court had original jurisdiction, citing "age old principal that the plaintiff is entitled to his choice of forum"); *see also Ballard v. Ill. Cent. R.R. Co.*, 338 F.Supp.2d 712, 715 (S.D. Miss. 2004) (notwithstanding removal jurisdiction, "[plaintiff's] original action against [defendants] should be remanded to the state court pursuant to § 1441(c), to preserve the plaintiff's choice of forum."). Finally, given that removal is part of Morgan Stanley's integrated scheme to transfer this case to New York – its home jurisdiction – Ohio law affords great weight to Western & Southern's choice of forum. *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 289 (S.D. Ohio 2008) ("A plaintiff's choice of forum is given great weight.") (Spiegel, J.) (citation omitted).

### D.      This Court Would Need to Sever Claims For Which It Lacks Supplemental Jurisdiction Thereby Undermining Judicial Economy

As discussed in Western & Southern's Transfer Opposition (Docket Entry No. 26), Western & Southern could not have brought this action in federal court since there is no

supplemental jurisdiction over Western & Southern's state law claims relating to IndyMac offerings.  As a result, even if this Court determined that there was "related to" jurisdiction over the claims relating to the Morgan Stanley offerings, it would need to sever Western & Southern's claims relating to the IndyMac offerings and remand them to state court.  *See, e.g.*, *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1039 (8th Cir. 1999).[10]

Limitations on supplemental jurisdiction are distinct from the standard for permissive joinder under Rule 20.  A district court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1337(a), only when "'the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that [plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'"  *Soliday v. Miami County*, 55 F.3d 1158, 1165 (6th Cir. 1995) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988)).  Pursuant to this standard, a district court will not have supplemental jurisdiction over state law claims where they require factual proof that is different than the proof required to prove the federal claims.  *See Soliday*, 55 F.3d at 1165 (Section 1983 claims relating to poor medical care of a prisoner's remains were distinct and separable from the prisoner's state law claims against the county coroner for improperly handling the remains).[11]

---

[10] Under the Ohio Rules of Civil Procedure, claims may be joined if they involve the same "succession or series of transactions or occurrences" and at least one "question of law or fact common to all defendants will arise in the action."  Ohio R. Civ. Pro. 20.  Both Morgan Stanley and Merrill Lynch underwrote IndyMac offerings.  Factual questions concerning IndyMan's loan originating processes – including borrower qualifications, appraisal standards and loan documentation practices – will be common for all Defendants.  Moreover, common questions of law regarding the Ohio Securities Act will be relevant for all defendants.   Thus, joinder is plainly permitted as all claims in this action arose generally out of the same "series of transactions or occurrences" (*i.e.,* a series of MBS offerings involving Morgan Stanley and/or IndyMac).

[11] *See also Caruana v. Marcum*, No. 01-CV-1567, 2011 U.S. Dist. LEXIS 79890, at *33 (M.D. Tenn. July 21, 2011) (no supplemental jurisdiction where state law claims "may be resolved without considering the facts underlying the federal claims"); *Power v. Williams*, No. 09-CV-594, 2010 U.S. Dist. LEXIS 59543, at *7-8 (M.D. Fla. Mar. 17, 2010) (federal securities claims did not give rise to supplemental jurisdiction over state law claims because the state law claims did not relate to the sale that was the subject of the federal claim).

As discussed in Western & Southern's Transfer Opposition (pp. 10-12) the evidence required to prove claims relating to the Morgan Stanley offerings will necessarily be distinct from the evidence required to prove claims relating to the IndyMac offerings because they involve different mortgage loans, were issued pursuant to distinct SEC filings and were arranged by different personnel.  The mere fact that certain Morgan Stanley witnesses might have familiarity with the IndyMac offerings does not mean that the claims relating to the Morgan Stanley offerings arise from the same "common nucleus of operative facts."  *See, e.g., Power*, 2010 U.S. Dist. LEXIS 59543 at *7-8 (fact that claims involve overlapping witnesses is insufficient to give rise to supplemental jurisdiction where the focus of the witnesses' testimony differs from claim to claim).  Because it would serve judicial economy to litigate the claims relating to the Morgan Stanley offerings together with the claims relating to the IndyMac offerings due to the overlapping legal questions presented, this weighs in favor of permissive abstention.

## <u>CONCLUSION</u>

For all of the foregoing reasons it is respectfully submitted that this action should be remanded to the Court of Common Pleas, Hamilton County and that the Court award Plaintiffs attorneys' fees under 28 U.S.C. § 1147(c).

Respectfully submitted,

/s/ David H. Wollmuth
Glenn V. Whitaker, Trial Attorney  (0018169)
gvwhitaker@vorys.com
Eric W. Richardson (0066530)
ewrichardson@vorys.com
Adam C. Sherman (0076850)
acsherman@vorys.com
Erik B. Bond (0087188)
ebbond@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
Telephone:     (513) 723-4000
Facsimile:     (513) 852-7885

-and-

David H. Wollmuth (*pro hac vice pending*)
dwollmuth@wmd-law.com
Steven S. Fitzgerald (*pro hac vice pending*)
sfitzgerald@wmd-law.com
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone:     (212) 382-3300
Facsimile:     (212) 382-0050

*Attorneys for Plaintiffs The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing Reply Memorandum of Law in support of Plaintiffs'

Motion for Remand was served upon counsel and parties via the Court's CM/ECF System, this

6th day of October, 2011.


/s/ Steven S. Fitzgerald
Steven S. Fitzgerald