```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

THE WESTERN AND SOUTHERN LIFE         :
INSURANCE COMPANY, et al.,            :    NO. 1:11-CV-00576
                                      :
    Plaintiffs,                       :
                                      :
                                      :    **OPINION AND ORDER**
    v.                                :
                                      :
MORGAN STANLEY MORTGAGE               :
CAPITAL, INC., et al.,                :
                                      :
    Defendants.                       :

        This matter is before the Court on Defendants' Motion to Transfer the Action to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a) (doc. 9), Plaintiffs' Response in Opposition (doc. 26), and Defendants' Reply (doc. 35). Also before the Court is Plaintiffs' Motion to Remand to State Court (doc. 10), Defendants' Response in Opposition (doc. 29), and Plaintiffs' Reply (doc. 36). The Court held a hearing on this matter on December 6, 2011. For the reasons indicated herein, the Court DENIES Defendants' Motion, GRANTS Plaintiffs' Motion, and REMANDS this matter to state court for further proceedings.

**I. Background**

        This case involves Plaintiffs' allegations that Defendants sold them mortgage-backed securities after abandoning disclosed underwriting guidelines (doc. 2). In Plaintiffs' view, the loans were issued based on overstated incomes, inflated appraisals, false verifications of employment, and other departures

from disclosed underwriting criteria (Id.).  Plaintiffs assert several state law claims for violations Ohio securities law as well as a federal claims for violation of Section 11 of the 1933 Securities Act (Id.).  According to Defendants, they simply provided the securities at issue in response to demands of the market, which desired to profit from housing investments.

At issue before the Court are the parties' arguments concerning the proper jurisdiction for the adjudication of this matter.  According to Plaintiffs, Defendants never should have removed this matter from state court, and this Court should remand based on Section 22(a) of the Securities Act, which provides that "no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States" (doc. 10, citing 15 U.S.C. § 77v).  In Defendants' view, Plaintiffs' federal Securities Act claims are time-barred and provide no valid basis for remand (doc. 29). Moreover, according to Defendants, this matter should rather be governed by the fact that it is "related to" a bankruptcy in the District of Delaware (Id.).  Under such theory, Defendants claim there is federal jurisdiction, and moreover, they argue the Court should transfer this matter to the Southern District of New York, where a class action is pending in which half of the Plaintiffs in this action are putative class members (doc. 9).

**II.  The December 6, 2011 Hearing**

Plaintiffs argued first at the hearing regarding their motion to remand.  Plaintiffs contend this case is similar to Western & Southern v. Countrywide, No. 1:11-CV-00267, in that the securities at issue were essentially bundled mortgages.  In this case, there are seven offerings.  Four of the offerings were originated and sold by Defendant Morgan Stanley, while three were originated and sold by the now defunct Indie Mac, and were underwritten by Defendants Morgan Stanley and Merrill Lynch.  Only two out of the seven offerings involve Section 11 claims, the majority of the claims being based on Ohio state law.

Plaintiffs insisted at the hearing that this case is directly on point with Allstate Insurance Company v. Credit Suisse, 11-Civ. 2232, 2011 U.S. Dist. LEXIS 120734 (S.D.N.Y. October 19, 2011).  In Allstate the court remanded the case to state court after determining that bankruptcy "related to" jurisdiction was inappropriate because the Defendants had not filed with the bankruptcy court any proofs of claim for potential indemnification and the bar date for filing such a claim had expired.  Id.  The Court further found that even if it did have jurisdiction it should abstain from hearing the case, as the matter involved only state law claims, and the state court was equally capable of adjudicating the matter.  Id.

In addition to arguing that the Court should find no

"related to" bankruptcy jurisdiction, Plaintiffs contended at the hearing, and in their papers, that the Court should remand this matter to state court based on Section 22 of the Securities Act. Relying on a Second Circuit case, Defendants responded at the hearing and in their papers that in their view such provision is trumped by the bankruptcy removal statute, 28 U.S.C. § 1452, which they believe allows them to remove from state court a bankruptcy-related case, to federal court. California Public Employees' Retirement System v. Worldcom, 368 F.2d 86 (2d Cir. 2004). Defendants argued Plaintiffs' claims are related to the American Home Mortgage ("AHM") bankruptcy pending in Delaware because those claims trigger automatic indemnification rights in Defendants' contracts with AHM.

Plaintiffs reply that a better authority on the validity of a Section 22(a) remand is Tennessee Consolidated Retirement System v. Citigroup, Inc., which specifically considered and rejected the decision of the court in California Public Employees' Retirement System, No. 3:03-0128, 2004 U.S. Dist. LEXIS 24043 at *5 (M.D. Tenn. October 8, 2004). The Sixth Circuit never reached the issue, holding that orders remanding actions to state court are not reviewable.[1] The Tennessee Consolidated court reasoned that because a more specific statute should be enforced over a more

---

[1] Tenn. Consol. Ret. Sys. v Citigroup, Inc., Nos. 03-5785/5876, 2003 U.S. App. LEXIS 27926 (6th Cir. Nov. 4, 2003).

general one, and because Section 22(a) applies to a particular class of Plaintiffs that Congress specifically considered, Section 22(a) should trump the bankruptcy removal statute.  Moreover, Plaintiffs signal that Section 22(a) has been more recently amended by Congress, making it a later-enacted statute.

Plaintiffs also argued related-to jurisdiction only applies to the offerings originated and sold by Morgan Stanley, and not to those three sets of offerings originated by Indie Mac.  As such Plaintiffs contended that there is no supplemental jurisdiction over such claims, and without a remand of the Morgan Stanley offerings, the Court would have to sever the Indie Mac offerings, which would be inefficient.

Finally Plaintiffs argued that their choice of forum is entitled to deference, that they reside in Ohio, and Defendants reached into Ohio when they marketed their securities here.  They argued Defendants will not suffer prejudice by defending this case in Ohio.

Defendants responded at the hearing that in their view, Sixth Circuit authority, <u>Wyser-Pratt Management Co. v. Telxon Corp.</u>, 413 F.3d 553 (6th Cir. 2005), bars Plaintiffs from invoking <u>American Pipe</u> tolling as to their federal claims.  They also argued that it is not too late for Defendants to file a notice of claim in the American Home bankruptcy, because the bankruptcy court has the discretion to allow that.  In Defendants' view, because this

pending action could have a "conceivable effect" on the bankruptcy, there is a basis for federal jurisdiction, and for transfer to New York. Defendants argued that the Allstate case, which opted for remand, is an outlier, as most courts have found bankruptcy related-to jurisdiction under the conceivable effects test.

The Court noted at the hearing that with electronic discovery, it is hard for the Court to see any real advantage for Defendants in transferring the case to New York. Defendants responded that the loan files at issue are not electronic, and the location of most of the relevant witnesses is in New York. Defendants contend they could compel witnesses to testify in New York, as opposed to using videotaped depositions at trial in Ohio. Moreover, Defendants argued that New York makes sense as venue for this case, because two of the securitizations in this case are at issue in the Pass-Through litigation in the Southern District of New York.

Plaintiffs responded that the time has not run on their Securities Act claims, and Defendants already lost such argument before the Southern District of New York, which found American Pipe tolling applicable. In re Morgan Stanley Mortgage Pass-Through Cerificates Litig., No. 09-Civ-2137, 2011 U.S. Dist. LEXIS 104280, 2011 U.S. Dist. LEXIS 104280, at *47-57 (S.D.N.Y. September 15, 2011). In their briefing, Plaintiffs further cite to In re Wachovia Equity Sec. Litig., No. 08-CV-6171, 2011 U.S. Dist. LEXIS

36129, at *29 (S.D.N.Y., March 31, 2011), which in their view shows how <u>Wyser-Pratt</u> is inapplicable, because a dismissal of a plaintiff for lack of standing is functionally equivalent to the denial of class certification for purposes of <u>American Pipe</u> tolling (doc. 36).

As as final matter, the parties both raised arguments concerning whether the New York court or this Court statistically adjudicates cases more expeditiously. Defendants contend the New York court is fifteen percent faster, while Plaintiffs contend the higher volume of cases in New York dilutes any real advantage.

**III. Discussion**

As an initial matter, the Court notes the parties agree this Court has jurisdiction to decide these matters, based on <u>Sinochem Int'l Co. v. Malay Int'l Shipping Corp.</u>, 549 U.S. 422, 425 (2007). The parties disagree however as to which of their motions the Court should first consider. The Court finds that it has leeway as to how to proceed, as it may decide "threshold issues such as subject-matter jurisdiction[,]. . .personal jurisdiction," and <u>forum</u> <u>non</u> <u>conveniens</u> "in any order that the court deems appropriate." <u>DRFP, LLC v. The Republica Bolivariana de Venezuela</u>, No. 04-CV-0793, 2007 U.S. Dist. LEXIS 51267, at *6 (S.D. Ohio, July 16, 2007). The Court finds it appropriate to rule on Defendants' motion first, as it concludes that its ruling on Defendants' motion to transfer venue will become law of the case. The Court is of the

view that its resolution of the jurisdictional issues in this case should assist the parties to move beyond their procedural arguments and get to the merits. In the Court's view, as it is ultimately remanding this matter to state court, its ruling on Defendants' motion to transfer should allow the state court to move this case toward resolution without devoting further time to reiterated arguments regarding transfer.

The Court rejects Defendants' position that this matter belongs in the Southern District of New York. When ruling on transfer motions, this Court employs the balancing approach developed by the Honorable David Porter in Artisan Development v. Mountain States Development Corp., 402 F. Supp. 1312 (S.D.Ohio 1975). Under this approach, the Court considers a variety of factors including the convenience of the witnesses, where the operative facts occurred, location of documentary evidence, and the possibility of prejudice in either the forum or transfer state. The Court must give foremost consideration to the plaintiff's choice of forum, and the balance must weigh "strongly in favor of a transfer" before the Court should grant a Section 1404(a) motion. Nicol v. Koscinski, 188 F.2d 537 (6th Cir. 1951); Lewis v. ACB Bus. Servs., 135 F.3d 389, 413 (6th Cir. 1998), Artisan Development v. Mountain States Development Corp., 402 F. Supp. 1312 (S.D.Ohio 1975). Indeed, a plaintiff's choice of forum should rarely be disturbed. Reese v. CNH Am. LLC., 574 F.3d 315 (6th Cir. 2009).

In addition to the factors above, Section 1404(a) requires that the Court consider "public-interest concerns," specifically the "issues of congested dockets [and] concerns with resolving controversies locally." Wm. R. Haque, Inc. v. Sandburg, 468 F.Supp.2d 952, 963 (S.D. Ohio 2006)(citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

  Here the Court does not find the balance weighs strongly in favor of a transfer. Witnesses are in Ohio, just as witnesses are in New York. Documentary evidence can be easily transmitted. The Court sees no real prejudice to Defendants by their defending this action in Ohio, where they have offices, and where they marketed the securities. The Court finds no material difference in the congestion of dockets here in Ohio or in New York.

  The Court further agrees with Plaintiffs that their Securities Act claims are timely based on American Pipe Construction Co. v. Utah, 414 U.S. 538, 554 (1974). In the Court's view, the dismissal of plaintiffs from the Pass-through litigation operated to toll applicable statutes of repose and limitations, such that Plaintiffs' instant federal securities claims can be considered viable. In re Wachovia Equity Sec. Litig., 2011 U.S. Dist. LEXIS 36129, at *29 (S.D.N.Y., March 31, 2011)("the failure to apply American Pipe tolling to [plaintiffs' claims] would undermine the policies of 'efficiency and economy of litigation' that underlie Rule 23"). Because Plaintiffs have viable federal

securities claims, Section 22 clearly requires that this matter remain in state court, where originally filed. <u>Tennessee Consolidated Retirement System v. Citigroup, Inc.</u>, No. 3:03-0128, 2004 U.S. Dist. LEXIS 24043 (M.D. Tenn. October 8, 2004).

Even if the Court errs, and if the Security Act claims are time-barred, the only remaining claims would be state law claims. Because mandatory abstention would apply in such case, this matter is properly before the state court.[2]

The Court further agrees with Plaintiffs that this case is directly on point with <u>Allstate Ins. Co. v Credit Suisse</u>, 2011 U.S. Dist. LEXIS 12074 (S.D.N.Y. October 19, 2011). The Court finds the reasoning of such decision correct that where no claim for indemnification has been filed in the bankruptcy matter, and the bar date for filing such a claim has expired, it is simply too far removed to provide a basis for "related-to" bankruptcy jurisdiction. As such the Court rejects Defendants' view that the AHM bankruptcy provides a basis for federal jurisdiction.

Finally, as the Court concluded this matter was not properly removed to federal court, how much more improper would it

---

[2]Pursuant to 28 U.S.C. § 1334(c)(2), a district court must abstain from exercising jurisdiction where 1) a complaint is "based on a state law claim or cause of action;" 2) the only asserted basis for federal jurisdiction is bankruptcy "related to" jurisdiction; 3) the action was "commenced in a state forum of appropriate jurisdiction;" 4) the action can be timely adjudicated in state court; and 5) the action is a non-core proceeding. <u>In re Dow Corning Corp.</u>, 86 F.3d at 497 (6th Cir. 1996).

be to transfer a case of predominately Ohio state law claims to the Southern District of New York. The Ohio court system is emminently qualified to adjudicate these claims.

Accordingly, the Court DENIES Defendants' Motion to Transfer the Action to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a)(doc. 9), GRANTS Plaintiffs' Motion to Remand (doc. 10), and REMANDS this matter to the Hamilton County Court of Common Pleas.

SO ORDERED.

Dated: December 20, 2011         /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge